S. T. & W. A. DEWEËS COMPANY *v.* PAUL B. CARTER & COMPANY INC.

No. 13168.   APRIL 9, 1940.

72

*McClure, Hale & McClure* and *Sizer, Chambliss & Kefauver,* for plaintiff in error.

*James H. Anderson* and *Lynch, Phillips, Hall & Allison,* contra.

JENKINS, Justice. 1. While it is true that a conveyance by an insolvent debtor, even though based on a valuable consideration, if made for the purpose of hindering or delaying creditors, is void as against them where the purchaser has actual or constructive knowledge of such purpose; and that if a conveyance for such a purpose be voluntary, that is, without consideration, it is invalid as to creditors, even though the grantee be without knowledge of such intent on the part of the grantor (*Dickson* v. *Citizens Bank & Trust Co.,* 184 *Ga.* 398, 191 S. E. 379; *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131, 194 S. E. 536; Code, §§ 28-201(2), 28-201(3)); and while it is true that in cases of close relationship, when a conveyance is attacked as having been made with intent to hinder, delay, or defraud creditors, the transaction will be

submitted to close scrutiny; and it has been held that this rule applies with equal force in determining the character and purpose of a transaction between an individual and a corporation controlled by him (*Liberty Lumber Co.* v. *Silas*, 181 *Ga.* 774, 777, 778, 184 S. E. 286),—still, in order for any of the above principles to have application, so that a conveyance by an insolvent debtor can be attacked by his creditor, it must be made to appear that the insolvent debtor actually parted with some valuable asset which belonged to him, and which, if title had been retained, might have been subjected to his debts.

2. According to the foregoing principles, where, as in this case, it appears that an insolvent debtor executed a deed to secure an indebtedness, which indebtedness appears to have at all times greatly exceeded the value of the security given, and that the lien was foreclosed by the grantee, and at the sale the property was bought in by the grantee, the fact that such grantee purchaser may have subsequently conveyed the property to a corporation of which the debtor was president and treasurer would not render such subsequent sale void as against the creditors of the debtor, where no attack is made upon the validity of the foreclosure sale, and where it appears that the consideration of the purchase by the corporation was furnished wholly by the corporation, and not by the debtor.

3. Such a series of transactions can not be taken as an assignment by the insolvent debtor of what, prior to the foreclosure, had been his equitable right of redemption in the land. See *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247). The fact that pending the foreclosure proceeding the debtor, as the undisclosed agent of the corporation to which the property was subsequently conveyed by the grantee purchaser at the sale, may have negotiated with the grantee purchaser for such a subsequent transfer of the property, in the event the grantee should become its outright owner by purchase at such sale, would not operate to change the rule. See, as to the rights of a judgment creditor where a defendant in fi. fa. has only an equitable interest, Code, § 39-201.

4. Under the foregoing rulings, and under the evidence, the court, to whom the case was submitted without a jury, did not err in holding that the title to the property was in the corporation to which it had been sold by the purchaser at the foreclosure sale; and consequently the court did not err in refusing to fix a lien

thereon in favor of the petitioner in the amount of the admitted foreign judgment against the defendant individual debtor.

5. In the absence of demurrer, the petition will be construed as seeking a general judgment with interest against the individual debtor in the amount of the admitted judgment obtained against him by the petitioner in the chancery court of Tennessee, and the court should have entered a decree accordingly.

*Judgment affirmed in part and reversed in part. All the Justices concur.*