A89A0632. LOFTON v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
(384 SE2d 245)

POPE, Judge.
The issue presented in this appeal is whether the trial court properly held that appellant Lofton is not entitled to "stack" medical payment coverages in separate State Farm Mutual Automobile Insurance Company (State Farm) policies issued to the family of Eric Smith.

Craig Lofton was seriously injured in an accident while riding in a 1979 Chevrolet Monza driven by Eric Smith. At the time of the accident, Eric Smith lived with his parents, Mr. and Mrs. Thomas F. Smith, and his brother, Dwayne Smith. The Smith family held four separate State Farm policies: Thomas Smith held separate policies covering the Monza, a 1982 Chevrolet pick-up, and a 1979 Datsun. Dwayne Smith held a policy covering a 1979 Buick Regal. Each of the policies contained medical payment coverage of $5,000. State Farm paid Lofton $5,000 in medical payment coverage under the policy of insurance for the Monza. *Held:*

State Farm acknowledges that Georgia law allows an insured to "stack" medical payment coverages provided by his own separate policies to the extent of the insured's medical expense. See *State Farm &c. Ins. Co. v. Johnson*, 126 Ga. App. 45 (190 SE2d 113) (1972) and *Provau v. State Farm &c. Ins. Co.*, 772 F2d 817, 820-821 (11th Cir. 1985). These cases are the basis for Lofton's argument for "stacking" in this case. However, State Farm argues that Lofton does not qualify as an insured in the remaining Smith policies and thus is not entitled to additional benefits.

"An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." (Cit. and punctuation omitted.) *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 354 (358 SE2d 874) (1987). Each of the policies at issue in this case provides medical expense coverage for the first person named in the declarations, his or her spouse and their relatives. The policy also provides as

follows: "We will pay medical expenses for *bodily injury* sustained by . . . any other *person* while *occupying* . . . a vehicle covered under the liability coverage . . . ." The liability portion of the policy provides as follows: "We will . . . pay damages which an *insured* becomes legally liable to pay because of . . . *bodily injury* to others . . . caused by accident resulting from the ownership, maintenance or use of *your car* . . . ." The policy defines "your car" as "the car or vehicle described on the declarations page." In the context of liability coverage, "insured" is defined as the policyholder, his or her spouse and relatives or someone using the vehicle with the consent of the policyholder and his or her spouse.

From the language of the policy, we conclude that there is no liability coverage for this accident in any of the policies issued to the Smiths other than for the Monza. By the terms of each of the policies, liability coverage exists only for the vehicle listed on the declarations page of each policy. Because no liability coverage for the accident exists under the additional policies, it follows that medical expense coverage also does not exist since it is dependent on the existence of liability coverage and thus "stacking" is not permitted by the terms of these policies.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 6, 1989.

*Darroch & Obenshain, Elizabeth A. Obenshain, Jay L. Drew*, for appellant.

*Harper & Cooper, J. Blair Craig II, Thomas D. Harper*, for appellee.