A90A1730. LIBERTY NATIONAL INSURANCE COMPANY v. DAVIS.

(401 SE2d 555)

CARLEY, Judge.

Insofar as they are relevant to the resolution of the instant appeal, the undisputed facts are as follows: Appellee-plaintiff first received medical treatment for her fibrocystic breast disease in 1971. In October of 1986, she was again treated for this disease. In March of 1987, a hospital and surgical policy which had been issued to appellee by appellant-defendant became effective. Under the terms of this policy, a "pre-existing condition" was "not covered until two years after the effective date" and a "pre-existing condition" was defined as one "which manifested itself, *or* for which medical advice was given or treatment recommended by or received from a physician within two years before the effective date." (Emphasis supplied.) Less than two years after the effective date of the policy, appellee incurred medical expenses in connection with the treatment of her fibrocystic breast disease and she submitted a claim for benefits under the policy. When appellant denied the claim, appellee filed suit. After answering and engaging in discovery, appellant moved for summary judgment. Although the trial court denied appellant's motion, it certified its order for immediate review. Appellant applied to this court for an interlocutory appeal and the instant appeal results from our grant of that application.

Appellee's fibrocystic breast disease is not a "pre-existing condition" insofar as it did not manifest itself less than two years before the effective date of the policy. Appellee's fibrocystic breast disease is, however, a "pre-existing condition" insofar as she did receive medical treatment therefor less than two years before the effective date. A "pre-existing condition" is unambiguously defined under the policy as a condition which manifested itself less than two years before the effective date of the policy *or* a condition for which medical treatment was received within that period. "It will be observed that the word 'or' is a disjunctive particle, and . . . 'Its . . . natural meaning, where

used as a connective, is to mark an alternative and present choice, implying an election to do one of two things. . . . "Or" is never construed to mean "and" when the evident intent . . . would be thereby defeated.' [Cit.]" *Georgia Paper Stock Co. v. State Tax Bd. of Ga.*, 174 Ga. 816, 819 (164 SE 197) (1932). Accordingly, that appellee's fibrocystic breast disease was not a "pre-existing condition" under one of the policy's alternative definitions of that term does not mean that her fibrocystic breast disease is not a "pre-existing condition" under another of the policy's alternative definitions of that term. "[I]f the provisions of an insurance policy are ambiguous, or if the provisions in it are conflicting, it is to be construed in favor of the insured and against the company. [Cit.] However, . . . '[c]ourts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract.' [Cit.]" *Wells v. Metro. Life Ins. Co.*, 107 Ga. App. 826, 830 (1) (131 SE2d 634) (1963).

Coverage is excluded for a "pre-existing condition" during the two-year period after the effective date of the policy. It is undisputed that appellee seeks to recover benefits for expenses incurred in the treatment of her "pre-existing condition" during that two-year exclusionary period. It follows that the trial court erred in denying appellant's motion for summary judgment. "Insurance contracts provide coverage which is, and must be, limited by the carefully chosen wording thereof. . . . 'Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance.' [Cit.]" *Lovett v. American Family Life Ins. Co.*, 107 Ga. App. 603, 606 (131 SE2d 70) (1963). "[A]n unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured. [Cits.]" *Woodmen of the World Life Ins. Society v. Etheridge*, 223 Ga. 231, 235 (154 SE2d 369) (1967).

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991 —
REHEARING DENIED JANUARY 17, 1991.

*Young, Young & Clyatt, F. Thomas Young, William A. Turner, Jr.*, for appellant.
*Willis H. Blacknall III*, for appellee.