A92A1989. DYNAMIC CLEANING SERVICE, INC. et al. v. FIRST FINANCIAL INSURANCE COMPANY.
A92A1990. BROSY et al. v. FIRST FINANCIAL INSURANCE COMPANY.
(430 SE2d 33)

COOPER, Judge.

These two appeals arise out of a declaratory judgment action brought by appellee to determine its duty to defend its insured under a policy of general liability insurance. The trial court concluded that appellee had no duty to defend its insured and entered judgment in favor of appellee.

The relevant facts are that appellee issued a policy of insurance to Robert Kesler d/b/a Dynamic Cleaning Service, Inc. ("Dynamic"). Dynamic had a contract to provide after hours cleaning services to a

Dairy Queen restaurant where Mr. Geoffrey Brosy was employed as the manager. Lloyd Kemp, an employee of Dynamic assigned to actually clean the restaurant, was in the process of cleaning the Dairy Queen when he allowed a former employee of the Dairy Queen to enter the restaurant. The former employee attacked Mr. Brosy by stabbing him repeatedly. The Brosys sued Kesler, Dynamic and Kemp, alleging that Kemp was negligent in allowing an unauthorized person to enter the restaurant after the close of business and that Kesler and Dynamic were liable under a theory of respondeat superior. At the time of the incident, Dynamic was insured under a policy of general liability insurance issued by appellee which contained the following assault and battery exclusion: "[N]o coverage shall apply under this policy for any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured." Appellee provided a defense to the defendants pursuant to a reservation of rights letter but subsequently filed a declaratory action to determine its duty to defend the defendants. Appellee moved for summary judgment on the grounds that the Brosys' claims were based on the assault and battery and thus were excluded under the terms of the policy. Kesler, Dynamic and Kemp also moved for summary judgment, contending that the exclusion did not apply because the complaint alleged a cause of action for negligence in allowing an unauthorized person to enter the restaurant after business hours. The trial court granted summary judgment to appellee and denied summary judgment to Kesler, Dynamic and Kemp. In Case No. A92A1989, Kesler, Dynamic and Kemp appeal the trial court's order, and in Case No. A92A1990, the Brosys appeal the same order.

"'An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others.' . . . [Cit.]" *Lofton v. State Farm &c. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989). Furthermore, "[a]n insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. [Cits.]" *Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (409 SE2d 41) (1991). Appellants' argument that the exclusion does not apply because the complaint alleges negligence and not assault and battery is unpersuasive. Although the complaint alleges that Kemp was negligent in creating the circumstances which allowed the assault to occur, the injuries which gave rise to the cause of action arose out of and were clearly based on the assault and battery. Consequently, the fact that Kemp may have negligently allowed the assault to occur does not negate the effect of the exclusion.

Appellants also argue that the exclusion should be construed such that it applies only to an assault and battery committed by an

employee of the insured. " '(A)n unambiguous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured. (Cits.)' [Cit.]" *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991). The language of the exclusion unambiguously provides that a claim based on assault and battery is not covered by the policy. The second part of the sentence is also clear that an assault and battery is not an "accident," which is covered by the policy, regardless of whether the assault and battery was committed by the insured, one of the insured's employees or some unknown third party.

Although we have found no Georgia cases which interpret the assault and battery exclusion, numerous courts from other jurisdictions have uniformly rejected the arguments advanced by appellants. See, e.g., *United Nat. Ins. Co. v. Entertainment Group*, 945 F2d 210, 213-214 (7th Cir. 1991); *Essex Ins. Co. v. Yi*, 795 FSupp. 319 (N.D. Cal. 1992); *Terra Nova Ins. Co., Ltd. v. Nanticoke Pines, Ltd.*, 743 FSupp. 293, 297-298 (Del. 1990); *Terra Nova Ins. Co., Ltd. v. North Carolina Ted*, 715 FSupp. 688, 690 (E.D.Pa. 1989); *Wallace v. Huber*, 597 S2d 1247 (La.App. 3rd Cir. 1992); *Roloff v. Taste of Minnesota*, 488 NW2d 325 (Minn.App. 1992); *Britamco Underwriters v. Zuma Corp.*, 576 S2d 965 (Fla.App. 5th Dist. 1991). Appellants attempt to distinguish some or all of the cases from foreign jurisdictions, but we find no material distinctions in either the facts of the cases or the exclusions contained in the policies. The issue before us is not whether Dynamic should be liable for the negligence of Kemp but whether the policy which it purchased protects it against the type of harm which occurred. Appellants have cited no authority in support of their argument that the Brosys' claims are within the scope of the coverage provided in the policy, and the overwhelming weight of authority from other jurisdictions is contrary to the arguments advanced by appellants. Accordingly, we conclude that summary judgment was appropriately entered in favor of appellee.

*Judgments affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 19, 1993 

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Richard B. Crohan*, for appellants (case no. A92A1989).
*Eric C. Silver*, for appellants (case no. A92A1990).
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellee.