A95A0700. AL WHO ENTERPRISES, INC. et al. v. CAPITOL INDEMNITY CORPORATION.
(457 SE2d 696)

BEASLEY, Chief Judge.

According to the allegations of the complaint, appellant Fleming owns and operates a nightclub in Columbus, known as Al Who's Place.[1] The restaurant was insured by appellee Capitol Indemnity Corporation under a general commercial liability policy issued to appellant Al Who Enterprises, Inc. Hanlon and Karpew, servicemen stationed at Fort Benning, instituted tort suits against Al Who Enterprises, Inc., Fleming, Howard (the manager of Al Who's Place), and others as a result of an altercation which erupted in the vicinity of the nightclub. The insurer sought a declaratory judgment as to its policy obligations concerning those suits. Fleming and the corporate defendant appeal the superior court's partial grant of the appellee's motion for summary judgment.

---

[1] The record does not establish whether Fleming or Al Who Enterprises, Inc. owns the nightclub, whether Fleming is sole owner of the corporation, or precisely what the relationship is among Fleming, the corporation, and the nightclub. The corporation is the named insured.

## Tort suits

In Count I of their respective complaints, Hanlon and Karpew sought compensatory and punitive damages, based on allegations that Howard and other nightclub employees assaulted and battered them without just cause or provocation, causing them to sustain multiple injuries.

Based on allegations that the nightclub's agents and employees had committed an assault upon him by threatening to cause his arrest and by actually causing him to be handcuffed, which caused him to fear arrest and imprisonment without just cause or provocation, Karpew sought compensatory and punitive damages for the intentional infliction of emotional harm in Count II of his complaint.

Both Hanlon and Karpew alleged that Fleming misrepresented to their commanding officers that they were the aggressors and had caused the fight. In this connection, Hanlon sought compensatory and punitive damages for intentional infliction of emotional harm (Count II of his complaint) and for libel and slander (Count III), and Karpew sought compensatory and punitive damages for libel and slander (Count IV of his complaint).

Karpew also sought both types of damages for false imprisonment (Count III), alleging that the nightclub's agents and employees forcibly restrained and imprisoned him by preventing him from leaving the premises and by causing him to be handcuffed by the police.

## Disputed facts

In Howard's affidavit opposing summary judgment, he testified that Hanlon and Karpew exhibited aggressive behavior at the scene of the altercation, posing immediate danger to others; that he and other nightclub employees merely restrained them in order to keep them from escaping and injuring others before the police arrived; and that at no time did he injure them, commit any intentional act resulting in injury to them, or direct others to injure them.

## Policy provisions

Policy Coverage A, for bodily injury and property damage liability, states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages."

An exclusion within Coverage A states: "This insurance does not apply to: a. 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect

persons or property."

Coverage B, which is for personal and advertising injury liability, states: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this coverage part applies. We will have the right and duty to defend any 'suit' seeking those damages."

An exclusion within Coverage B states: "This insurance does not apply to: a. 'Personal injury' or 'advertising injury': (1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity."

An endorsement containing an exclusion for assault and battery states: "This insurance does not apply to bodily injury, property damage or personal injury arising out of assault, battery, or assault and battery." (Emphases deleted.) This exclusion defines "assault" as "[a] willful attempt or offer with force or violence to harm or hurt a person without the actual doing of the harm or hurt." It defines "battery" as "[a]ny battering or beating inflicted on a person without his or her consent." It defines "assault and battery" as specifically including "the ejection or exclusion with force or violence, or attempt thereof, of any person from the premises by the insured and his/her/its employees or agents."

*Superior court's order*

The court granted insurer's motion for summary judgment as to Count I of Hanlon's and Karpew's complaints, concluding that the assault and battery exclusion effectively bars coverage "as to any cause of action arising from the actual personal injuries constituting the assault and battery inflicted upon Hanlon and Karpew."

The court also granted summary judgment to insurer as to coverage for intentional infliction of emotional harm (Count II of each complaint), and for punitive damages arising out of intentional infliction of emotional harm (Count II) and assault and battery (Count I), "but only *while* the personal injury was being inflicted." The court ruled that questions concerning coverage for intentional infliction of emotional harm and punitive damages remain for jury resolution to the extent that they may have arisen *after* the personal injury was inflicted.

Additionally, the court ruled that left for this trial are questions as to coverage of defamation (Hanlon's Count III and Karpew's IV), false imprisonment (Karpew's Count III), and punitive damages and intentional infliction of emotional harm arising therefrom.

*Appeal*

1. Appellants first enumerate as error the grant of summary judg-

ment to insurer as to the assault and battery counts (I) of the complaints.

"An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. [Cits.]" *Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (409 SE2d 41) (1991); see *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609 (373 SE2d 671) (1988). " 'An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others.' . . . [Cit.]" *Lofton v. State Farm &c. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989). The plain terms of an unambiguous policy must be given full effect even though they are beneficial to the insurer and detrimental to the insured. *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991).

The terms of Al Who's policy are not ambiguous. Compare *State Farm &c. Ins. Co. v. Seeba*, 209 Ga. App. 328 (433 SE2d 414) (1993). Coverages A and B impose a duty to defend only those suits seeking damages to which the insurance applies. Under the endorsement, the insurance does not apply to injury or property damage arising out of assault, battery, or assault and battery, as defined in the policy. Counts I seek damages for this very thing. Consequently, insurer has no duty to defend those claims. See *Dynamic Cleaning Service v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993) (physical precedent only).

2. The second enumeration is deemed abandoned in that it is not supported by argument or citation of authority. *BCS Financial Corp. v. Sorbo*, 213 Ga. App. 259, 261 (2) (444 SE2d 85) (1994). It relates to the court's grant of partial summary judgment to insurer as to intentional infliction of emotional harm (Counts II) and the claims for punitive damages arising from Counts I and II.

3. Appellants' third enumeration contends that the court erred twice: failing to consider the exception to the assault and battery exclusion for the use of reasonable force to protect persons or property; failing to allow the jury to determine the reasonableness of the force used by Al Who's agents.

The reasonable force exception applies to the exclusion in Coverage A for bodily injury or property damage expected or intended from the standpoint of the insured. See generally *Ga. Farm Bureau Mut. Ins. Co. v. Hurley*, 190 Ga. App. 546 (379 SE2d 420) (1989). There is no such exception to the more specific assault and battery exclusion in the endorsement, which expressly states that it modifies the policy. In fact, "assault and battery," as defined in the endorsement exclusion, specifically includes the actual or attempted ejection or exclusion with force of any person from the premises by the insured and its agents and employees. Clearly, the reasonable force exception does

not apply to the assault and battery exclusion. The policy is not ambiguous in this regard.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 10, 1995.

*Self, Mullins, Robinson, Marchetti & Kamensky, Ronald W. Self, M. Peterson Robinson,* for appellants.

*Warren S. Shulman, Harp & Johnson, Gary L. Johnson, Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Leslie S. Sullivan,* for appellee.