## S95Q1901. CONTINENTAL CASUALTY COMPANY v. HSI FINANCIAL SERVICES, INC. et al.
### (466 SE2d 4)

SEARS, Justice.

This matter comes to us on a question certified from the United States Court of Appeals for the Eleventh Circuit. It concerns the interpretation of an exclusionary clause contained in a contract for the provision of professional liability insurance, and a determination of whether the underlying claims in this matter are within the scope of the exclusionary clause. For the reasons explained below, we find that the underlying claims are encompassed by the policy's exclusionary clause, and therefore we answer the certified question in the affirmative.

The appellee law firm of Page, Sevy & Henderson, PC ("the law firm") incorporated in 1988. HSI Financial Services, Inc. ("HSI") had been a client of named partner and appellee Joseph Francis Page since 1985. HSI is in the business of collecting unpaid medical bills for health care providers. Page contracted with HSI to collect delinquent accounts, place the payments collected into an escrow account, and pay to HSI all amounts collected, minus attorney fees. When the law firm was incorporated, HSI transferred its accounts to the firm.

Also in 1988, appellant Continental Casualty Company ("Continental") issued a policy extending professional liability insurance coverage to the law firm and its three named partners, Page, and appellees Sevy and Henderson. Key terms of the policy were as follows:

Continental . . . will pay all amounts which [an insured] becomes legally obligated to pay as a result of a wrongful act by [an insured].

[Wrongful act is defined as] any negligent act, error or omission in . . . the rendering of or failure to render professional services.

[Professional services are defined as] services rendered in [an insured's] capacity as a lawyer . . . [including] acts as an administrator, conservator, executor, guardian, trustee, re-

ceiver, or in any . . . fiduciary activity.

EXCLUSIONS . . . [Continental] will not pay, under [the] coverage part, for: Any claim arising out of any dishonest, fraudulent, criminal, or malicious act by [an insured] or any of [an insured's] partners, officers, stockholders, or employees.

Beginning in 1990, the law firm failed to make payments of collected funds to HSI. HSI filed suit against the law firm and its three named partners, seeking to recover approximately $500,000. The gravamen of the complaint was that Page had improperly withdrawn funds from HSI's escrow account for his personal use. The complaint originally alleged conversion against Page, but that claim was later dropped, and the complaint was amended to add new counts charging negligence and legal malpractice, which were based upon the theory that Sevy and Henderson had failed to supervise and ensure the proper accounting of HSI's escrowed funds.

The appellees forwarded the complaint to Continental for the provision of a defense pursuant to the insurance policy. Continental did so, but first issued a reservation of rights letter. Believing that HSI's claims might fall outside of the scope of the policy's coverage, Continental filed a petition in the United States District Court, seeking to determine the rights and liabilities of the parties under the policy.[1] On summary judgment motions, the district court ruled that under the terms of the policy, Continental is obligated to defend against HSI's claims. Continental appealed that decision to the Eleventh Circuit.

In certifying its question to this Court, the Circuit Court noted that Page's theft of the funds clearly falls within the exclusionary clause of the insurance policy. However, the Circuit Court expressed concern that Georgia's treatment of the alleged negligence of Page's two law partners, Sevy and Henderson, may be unclear. Accordingly, the following question was certified:

Does a claim for a law partner's negligence with respect to supervising and mitigating a fellow partner's criminal act "arise out of" "any dishonest, fraudulent, criminal or malicious act" within the meaning of this insurance policy exclusion?

For the reasons explained below, we answer this certified question in

---

[1] See *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976).

the affirmative.

Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others.[2] As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured.[3] The plain language of the policy exclusion at issue in this case states that Continental is not obligated to provide coverage for any claim "arising out of any dishonest, fraudulent, criminal, or malicious act" committed by any of the partners of the law firm. We believe that the plain meaning of this exclusionary language leads to the conclusion that Continental is not contractually obligated to defend against HSI's claims against Sevy and Henderson.

First, as noted above, there is no doubt that Page's theft of the escrowed funds fell within the exclusion relating to "dishonest, fraudulent, criminal and malicious act[s]." Second, it is clear that HSI's claim against Sevy and Henderson "arose out of" Page's actions, because but for Page's actions, there could be no claim against Sevy and Henderson. Sevy and Henderson argue that because HSI's claims against them are based upon allegations that they negligently failed properly to supervise HSI's accounts, the claims merely assert independent and concurrent causes of HSI's loss, for which coverage must be provided. However, this argument misses the mark, because the exclusionary clause is not at all concerned with whether ancillary acts of less culpable partners may have contributed to the loss which HSI suffered as a result of Page's actions. Rather, by its express terms, the exclusionary clause is focused solely upon the genesis of HSI's claims — if those claims *arose out of* Page's culpable conduct, as they did, then coverage need not be provided. Consequently, the fact that Sevy and Henderson may have negligently allowed Page to perpetuate his theft of HSI's funds does not negate the plain effect of the policy's exclusionary clause.[4]

Our ruling today is consistent with that of the Court of Appeals

---

[2] *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37, 38 (430 SE2d 33) (1993); *Lofton v. State Farm Mut. Auto. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989).

[3] *Dynamic Cleaning Svc.*, 208 Ga. App. at 39; *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991).

[4] We also note, as did the Circuit Court, that were we to adopt Sevy and Henderson's argument, the insureds, merely by amending their complaint to assert that the partners were negligent in failing to supervise, could conceivably bring every loss within coverage, regardless of whether it arose from criminal conduct. Such a result would impermissibly alter the plain meaning of the exclusionary clause. See *Davis*, 198 Ga. App. at 344 ("Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance.").

in *Dynamic Cleaning Svc. v. First Financial Ins. Co.*[5] In that case, too, it was ruled that coverage need not be provided even though negligence was asserted as a concurrent cause of the harm suffered by an insured, because that harm clearly arose out of conduct that was within the scope of an insurance policy exclusionary clause.[6]

Accordingly, we find that within the plain meaning of the insurance policy, the claims against Sevy and Henderson for negligence and malpractice with respect to their alleged failure to supervise and mitigate Page's criminal acts arose out of the dishonest, fraudulent, criminal and malicious conduct engaged in by Page, bringing those claims within the scope of the policy's exclusionary clause.

*Question answered in the affirmative. All the Justices concur.*

DECIDED JANUARY 22, 1996 —
RECONSIDERATION DENIED FEBRUARY 16, 1996.

*Drew, Eckl & Farnham, James M. Poe, Suzanne V. Sanders,* for appellant.
*Cauthorn & Phillips, Thomas E. Cauthorn III, B. Wayne Phillips, Gershon, Olim, Katz & Loeb, Jay E. Loeb, William L. Henderson, Jerry Sevy,* for appellees.

---

[5] 208 Ga. App. 37 (430 SE2d 33) (1993).

[6] 208 Ga. App. at 38. See also *St. Paul Fire &c. Ins. Co. v. Aragona*, 33 Md. App. 499, 507 (365 A2d 309) (1976) (construing a virtually identical exclusionary clause under circumstances similar to this case; "[t]he fact that the insured may have been negligent in failing to discover the perfidy of his partner may indeed have been an alternate ground for . . . liability. It did not, however . . . alter the plain and unambiguous language of the exclusionary clause.").