United States Court of Appeals,

Eleventh Circuit.

No. 94-8219.

CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellant,

v.

HSI FINANCIAL SERVICES, INC., et al., Defendants-Appellees.

April 30, 1996.

Appeal from the United States District Court for the Northern District of Georgia (No. 1:91-CV-2022-MHS); Marvin H. Shoob, Judge.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

In 1991, HSI Financial Services, Inc. ("HSI") brought suit against Page, Sevy & Henderson, P.C., a law firm, and its partners, Joseph Frances Page, Jerry Sevy, and William L. Henderson. HSI alleged that Page converted to himself various sums of money belonging to HSI and that this would not have occurred had Sevy and Henderson exercised due care in supervising Page's activities. HSI sought judgment against Sevy and Henderson (as well as Page), and the law firm.

At the time of the conversion, the law firm had a professional liability policy with Continental Casualty Company.[1] After receiving HSI's complaint, the firm and the partners requested Continental to defend the case. Continental refused to do so, citing the following policy exclusion:

---

[1]The complete factual history is set forth in our initial opinion in this case, *Continental Casualty Co. v. HSI Financial Servs., Inc.,* 61 F.3d 845 (11th Cir.1995).

> We will not defend or pay, under this Coverage Part for ... any claim arising out of ... any dishonest, fraudulent, criminal or malicious act or omission by you or any of your partners, officers, stockholders or employees....

Continental then brought this suit seeking a declaration whether it had a duty to defend the suit HSI had brought against the firm and the partners. The district court held that Continental had a duty to defend, and this appeal followed.

In our initial opinion, we found that "Page's alleged theft of the funds clearly falls within the plain language of" the exclusion clause. *Continental Casualty Co.,* 61 F.3d at 847. Thus, Continental has no duty to defend HSI's claims against Page or against the law firm. The only question remaining is whether Sevy's and Henderson's failure to exercise due care in supervising Page likewise falls within the exclusion clause.

Georgia law provides the rule of decision in this case. Because Georgia precedent afforded no answer to the question posed here, we certified the following question to the Supreme Court of Georgia:

> DOES A CLAIM FOR A LAW PARTNER'S NEGLIGENCE WITH RESPECT TO SUPERVISING AND MITIGATING A FELLOW PARTNER'S CRIMINAL ACT "ARISE OUT OF" "ANY DISHONEST, FRAUDULENT, CRIMINAL OR MALICIOUS ACT" WITHIN THE MEANING OF THIS INSURANCE POLICY EXCLUSION?

*Continental Casualty Co.,* 61 F.3d at 847. The supreme court answered the question in the affirmative, *Continental Casualty Co. v. HSI Financial Servs., Inc.,* 266 Ga. 260, 466 S.E.2d 4 (1996), finding that,

> within the plain meaning of the insurance policy, the claims against Sevy and Henderson for negligence and malpractice with respect to their alleged failure to supervise and mitigate Page's criminal acts *arose out of* the dishonest, fraudulent, criminal and malicious conduct engaged in by Page, bringing

those claims within the scope of the policy's exclusionary clause.

*Continental Casualty Co.,* 466 S.E.2d at 7 (emphasis added).

The court's answer to our certified question determines this appeal: HSI's claims against Sevy and Henderson fall within the exclusion. Accordingly, Continental has no duty to provide a defense to HSI's suit. The district court's holding to the contrary is therefore REVERSED.

SO ORDERED.