United States Court of Appeals,

Eleventh Circuit.

No. 94-8219.

CONTINENTAL CASUALTY COMPANY, Plaintiff-Appellant,

v.

HSI FINANCIAL SERVICES, INC., et al., Defendants-Appellees.

Aug. 17, 1995.

Appeal from the United States District Court for the Northern District of Georgia (1:91-CV-2022-MHS); Marvin H. Shoob, Judge.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION 6 PARAGRAPH 4 OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that the resolution of this case involves questions of Georgia law that are dispositive but unanswered by controlling precedent of the Supreme Court of Georgia. We, therefore, defer our decision in this case pending certification of the following question to the Supreme Court of Georgia pursuant to Ga. Const. art. VI, § 6, para. 4, O.C.G.A. § 15-2-9, and Rule 37 of the Supreme Court of Georgia.

I.

Continental Casualty Company ("Continental") appeals a declaration of rights and obligations that it has a duty to defend Page, Sevy & Henderson, P.C., Joseph Francis Page, Jerry Sevy, and William L. Henderson in an underlying action brought against them

by HSI Financial Services, Inc. ("HSI") in the Superior Court of Fulton County, Georgia.[1]  Continental insured Page, Sevy & Henderson, P.C., Joseph Francis Page, Jerry Sevy, and William L. Henderson under a lawyers professional liability policy.[2]  The policy provides that Continental will pay "all amounts ... which [the insured] become legally obligated to pay as a result of a **wrongful act** by [the insured]."  A **"wrongful act"** is defined as "any negligent act, error or omission in ... the rendering of or failure to render **professional services.**"[3]  The language of the policy at issue, the exclusion known as "D3," is as follows:

**II. EXCLUSIONS**

**We** will not defend or pay, under this Coverage Part for:

....

D. any **claim** arising out of:

....

---

[1]Although the district court had before it cross motions for summary judgment and indicated that it was ruling on summary judgment posture, the court ruled on nothing more than the pleadings.  The district court's order, therefore, is more accurately characterized as a declaratory judgment based on the pleadings.  This, however, was appropriate because, under Georgia law, a court looks to the allegations contained in the complaint when resolving the duty to defend issue.  *See, e.g., Loftin v. United States Fire Ins. Co.,* 106 Ga.App. 287, 127 S.E.2d 53, 58 (1962).

[2]The law firm of Page, Sevy & Henderson was incorporated in 1988.  Page, Sevy, and Henderson were the only members of the firm.  On February 6, 1991, Page voluntarily surrendered his license to practice law.

[3]"Professional services" are considered "services rendered in [the insured's] capacity as a lawyer, real estate title insurance agent or notary public.  This also includes ... acts as an administrator, conservator, executor, guardian, trustee, receiver, or in any other similar fiduciary activity."

3. any dishonest, fraudulent, criminal or malicious act or omission by **you** or any of **your** partners, officers, stockholders or employees....

HSI collects unpaid medical bills for healthcare providers. In 1985, Joseph Page entered into a contract with HSI to pursue delinquent accounts for HSI, place any payments collected into a trust account, and pay to HSI all of the funds collected minus attorney's fees (thirty percent of collections) and expenses. In 1988, Page, Sevy & Henderson incorporated as a professional corporation, and HSI transferred its accounts to the law firm under the 1985 contract.

Beginning in the fall of 1990 and continuing until January 1991, Page and the law firm continued to receive payments, but failed to deliver to HSI any of the collected amounts. Despite a written demand, Page and the law firm have not delivered the funds to HSI. On February 4, 1991, HSI filed a multi-count complaint in Fulton County Superior Court against the law firm and the individual defendants alleging that the defendants owed HSI over $500,000. The complaint's primary allegation is that Page withdrew trust funds for the purpose of "loaning money to another person." The complaint was amended twice to include, among other claims, a claim for professional negligence on the theory that the individual defendants failed to supervise and ensure the proper accounting of the trust fund.

The law firm and the individual defendants forwarded the complaint to Continental to provide a defense for them under their insurance policy. On March 4, 1991, Continental forwarded reservation of rights letters to the insured parties. Believing

that HSI's claims may be outside the coverage provided by the policy, Continental filed a Petition for Declaratory Judgment, in accordance with *Richmond v. Georgia Farm Bureau Mutual Insurance Co.,* 140 Ga.App. 215, 231 S.E.2d 245, 248-49 (1976), to determine the rights and liabilities of the parties under the policy, in the United States District Court for the Northern District of Georgia on August 22, 1991.  On March 29, 1993, the district court ruled that Continental has a duty to defend the law firm and Page, Sevy, and Henderson in the action filed by HSI.  Judgment was entered the next day, and Continental's motion for reconsideration was denied on January 19, 1994.  Continental now appeals.

## II.

Page's alleged theft of the funds clearly falls within the plain language of the D3 exclusion.  Georgia law's treatment, however, of the alleged negligence of Page's law partners is unclear.  Continental asserts that the partners' negligence also falls under the language of the D3 exclusion because the language covers "any claim arising out of" "any dishonest, fraudulent, criminal or malicious act or omission by you or any of your partners, officers, stockholders or employees."  Factually, the professional malpractice claim "arises out of" Page's theft of the funds.  The language of the exclusion is arguably broad enough to include derivative claims.

> In terms of proximate causation, the dishonest and criminal act of [Page] in misappropriating the escrowed funds was, of course, the direct and precipitating cause of the loss;  no loss would have occurred had [Page] not stolen the money.  Although the negligence of [Sevy and Henderson] may have facilitated [Page's] theft of the funds and been a contributing cause of the loss in that sense, it was indirect and remote at best.

*Aragona v. St. Paul Fire & Marine Ins. Co.,* 281 Md. 371, 378 A.2d 1346, 1350-51 (1977) (applying a comparable policy exclusion to similar facts). Furthermore, by claiming that the other partners were negligent in failing to supervise, every loss could be brought within coverage.

The insured parties and HSI contend that if there is more than one ground of liability, one being covered by the policy while the other is excluded, the insurer is obligated to defend. *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 537 (8th Cir.1970). They posit that, under Georgia law, Sevy's and Henderson's negligence are independent and concurrent causes for the loss and coverage should be provided. *Gosser v. Diplomat Restaurant, Inc.,* 125 Ga.App. 620, 188 S.E.2d 412, 415-16 (1972); *Tallman v. Green,* 74 Ga.App. 731, 41 S.E.2d 339, 341 (1947).

Because we find that the resolution of this appeal involves a question of Georgia law unanswered by precedent of the Supreme Court of Georgia, we respectfully certify the following question to the Supreme Court of Georgia:

> DOES A CLAIM FOR A LAW PARTNER'S NEGLIGENCE WITH RESPECT TO SUPERVISING AND MITIGATING A FELLOW PARTNER'S CRIMINAL ACT "ARISE OUT OF" "ANY DISHONEST, FRAUDULENT, CRIMINAL OR MALICIOUS ACT" WITHIN THE MEANING OF THIS INSURANCE POLICY EXCLUSION?

We do not intend the particular phrasing of this question to limit the Supreme Court of Georgia in its consideration of the certified issue. To assist the court's consideration of the matter, the record and the briefs of the parties shall be transmitted to the Supreme Court of Georgia.

QUESTION CERTIFIED.