A96A1695. CAPITOL INDEMNITY CORPORATION v. L. CARTER POST 4472 VETERANS OF FOREIGN WARS, INC.

(484 SE2d 52)

ANDREWS, Chief Judge.

Capitol Indemnity Corporation (Capitol) appeals from the trial court's grant of summary judgment to Post 4472 of the VFW (VFW) and the denial of its motion for summary judgment. The court concluded that Capitol owed a defense to the VFW under the general liability insurance policy it issued.

Roberson, a patron of the VFW, was severely injured when he was stabbed in the neck by Wolfe, another patron, on August 26, 1994. Roberson sued the VFW, contending that it negligently allowed Wolfe to reenter the VFW after he had been asked to leave due to intoxication and vulgarity. Capitol then filed its motion for declaratory judgment, contending that this act was not covered due to the policy's exclusion for assault and battery.

As applicable to this incident, the General Liability Coverage section of that policy provides in Section I as follows: "1. *Insuring Agreement*. a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages. . . . b. This insurance applies to 'bodily injury' . . . only if: (1) The 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory'; [(2) during policy period]." Bodily injury is defined in Section V (3) as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," and occurrence is defined in Section V (12) as "an *accident*, including continuous or repeated exposure to substantially the same general harmful conditions." (Emphasis supplied.)

Appended to the policy is an endorsement headed "Exclusion — Assault or Battery." It specifically modifies the "Commercial General Liability Coverage Part" of the policy and states that "[t]his insurance does not apply to *bodily injury*, . . . or *personal injury* arising out of *assault, battery,* or *assault and battery*. This exclusion applies to all coverages under this coverage part. Definitions: 1. *Assault* — A willful attempt or offer with force or violence to harm or hurt a person without the actual doing of the harm or hurt. 2. *Battery* — Any battering or beating inflicted on a person without his or her consent. 3. *Assault and Battery* — For purposes of this insurance, this term includes *assault and battery*, and specifically includes the ejection or exclusion with force or violence, or attempt thereof, of any person from the premises by the insured and his/her/its employees or agents."

The trial court, citing no authority, concluded that since exclu-

sions must be strictly and narrowly construed, "the Court finds the Assault or Battery Exclusion in the policy . . . excludes losses arising out of assaults and batteries committed by [the VFW's] servants" and concluded it did not apply because Roberson's claim "rests upon allegations of the insured's negligence in failing to protect its patrons from a person known to be violent."

"An insurance policy is governed by the ordinary rules of contract construction. [Cit.] The hallmark of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3; [cit.]. However, when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent. [Cit.]" (Footnote omitted.) *Park 'N Go &c. v. U. S. Fidelity &c. Co.*, 266 Ga. 787, 791 (471 SE2d 500) (1996).

"Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." (Footnote omitted.) *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

" 'An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. (Cits.)' [Cits.]" *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995).

So doing, it is apparent that the act for which Roberson seeks recovery, the stabbing by another patron, was not an "accident" as defined by the policy. Roberson may, of course, pursue his negligence suit against the VFW for its negligence in allowing the violent inebriated patron to return to the club, but, under the terms of the policy, Capitol need not defend the suit.

Even assuming that the allegations of the complaint could somehow be read so as to include the club's negligence as an "accident," the exclusion precludes coverage. The bodily injury arose out of an assault and battery. *Al Who Enterprises*, supra at 425; *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993).

The VFW's attempts to construe the unambiguous policy so as to avoid *Al Who* and *Dynamic Cleaning* and restrict the exclusion only to assaults and batteries committed by VFW employees are of no avail. " 'When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one *reasonable* construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.' (Citations and punctuation omitted; emphasis supplied.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (3) (454 SE2d 616)

(1995)." *Southern Fire &c. Co. v. Jamerson*, 223 Ga. App. 582, 583 (1) (479 SE2d 404) (1996).

Therefore, the grant of summary judgment to the VFW and denial thereof to Capitol were error.

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 11, 1997.

*Kent, Worsham & Smart, Don Smart*, for appellant.
*Morris & Tillman, Keith M. Morris*, for appellee.