A97A1530. LITTRELL et al. v. COLONY INSURANCE COMPANY.
(492 SE2d 299)

Judge Harold R. Banke.

The trial court granted Colony Insurance Company ("Colony") summary judgment after Colony sought declaratory relief against Bobby Littrell, Robin Littrell, Lloyd Dixon, C. Alton Bell and Lake Burton Grill f/k/a Bill's Place. Enumerating one error, only Bobby Littrell, Robin Littrell, and Lloyd Dixon appeal.

Bobby Littrell, Robin Littrell, and Lloyd Dixon sued C. Alton Bell and Lake Burton Grill f/k/a Bill's Place, Colony's insured, for purported liability arising out of an incident in which Bobby Littrell and Lloyd Dixon were injured by a bullet fired by Willard Lee Brewer. It is undisputed that during an altercation, Brewer shot Littrell in the back and that bullet then entered Dixon. Robin Littrell then shot and killed Brewer.

Littrell and Dixon asserted that C. Alton Bell and Lake Burton Grill were negligent in permitting Brewer to continue to consume

alcohol when he was visibly intoxicated, hostile, and known to be in possession of a knife. They contended that neither Bell nor his employees prevented Brewer from obtaining the "bar gun," a loaded firearm on the premises. They claimed Bell's negligence gave rise to the civil assault and battery Brewer committed upon them. Robin Littrell brought a loss of consortium claim. The trial court determined that none of the claims asserted against Bell or his business fell within the parameters of the commercial general liability policy issued by Colony. *Held*:

The appellants contend that the trial court erred in determining that the acts of Brewer constituted an assault and battery so as to come within the assault and battery exclusion of the insurance policy at issue. Relying on the fact that they alleged that Brewer's actions were grossly negligent as well as intentional, they claim that a jury must resolve whether Brewer intentionally shot them. Compare *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988).

Provided no law or public policy is contravened, an insurance company may fix the terms of its policy to insure against certain risks and to exclude others. *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37, 38 (430 SE2d 33) (1993). An insurer's duty to defend is determined by comparing the nature of the allegations in the complaint with the policy provisions. Id.

Here, the complaint asserted claims of negligence, premises liability, and respondeat superior against Bell and Lake Burton Grill. Although the complaint alleged that Bell and his employees were negligent in failing to take certain preventative measures which culminated in the shooting, the injuries which gave rise to the cause of action were plainly premised on the underlying assault and battery, Brewer's shooting of the two men. The complaint specifically claimed that "the unjustified and unprovoked actions of Brewer did amount to a civil assault and battery [upon Bobby Littrell and Lloyd Dixon]." Assault and battery are by their nature intentional acts, not accidental in nature. *Hain v. Allstate Ins. Co.*, 221 Ga. App. 486 (471 SE2d 521) (1996).

By its terms, the policy excluded claims for bodily injury arising from: "A) Assault and Battery committed by any insured, any employee of any insured, or any other person, whether committed by or at the direction of any insured. B) The failure to suppress or prevent assault and battery by any person in (A) above."

An unambiguous policy, as here, requires no construction, and its plain terms must be given full effect even though they are beneficial to an insurer and detrimental to the insured. *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991). Under the express terms of the assault and battery exclusion, there was no

applicable coverage. See, e.g., *Southern v. Sphere-Drake Ins. Co.*, 226 Ga. App. 450, 451 (486 SE2d 674) (1997); *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995). After Colony met its burden of showing the exclusion, the burden shifted to the appellants to set forth admissible evidence that Brewer's actions were not intentional. *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11, 14 (2) (476 SE2d 797) (1996). This they failed to do. Accordingly, the trial court properly granted summary judgment to Colony.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 17, 1997.

*John A. Roberts*, for appellants.
*Long, Weinberg, Ansley & Wheeler, James H. Fisher II*, for appellee.