## S97G0909. JEFFERSON INSURANCE COMPANY OF NEW YORK v. DUNN.

(496 SE2d 696)

THOMPSON, Justice.

We granted a petition for certiorari to the Court of Appeals in *Jefferson Ins. Co. v. Dunn*, 224 Ga. App. 732 (482 SE2d 383) (1997), to determine whether that decision is in conflict with *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260 (466 SE2d 4) (1996), and *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993). Finding that such a conflict exists, we reverse.

Charles Dunn suffered brain damage as a result of having been severely beaten in the parking lot of the Jolly Fox Lounge by an employee, Rodney Goodman. Dunn filed a complaint against Goodman, alleging intentional assault and battery, and against the Jolly Fox Lounge, under a theory of respondeat superior. The Jolly Fox was owned by Overground Atlanta, Inc. (Overground), which had a general liability insurance policy with Jefferson Insurance Company of New York (Jefferson).

Overground submitted the complaint to Jefferson, but Jefferson refused to defend Overground, relying on a policy endorsement which excluded coverage for injuries or death alleged "to have been caused by ASSAULT AND/OR BATTERY."[1] Overground retained counsel to

---

[1] The exclusion provision states as follows:

Notwithstanding anything contained herein to the contrary, it is understood and agreed in consideration of the premium charged, bodily injury or death alleged to

defend the lawsuit. Dunn subsequently amended his complaint to include claims of negligent hiring, negligent supervision, and malicious prosecution. Prior to trial, Dunn offered to settle his claim for $50,000 — the limits of the Jefferson policy. Overground's counsel notified Jefferson and conveyed Overground's instructions to accept the offer of settlement, but Jefferson declined, again relying on the assault and battery exclusion.

The case went to trial and a jury returned a verdict of $1 million in compensatory and punitive damages against Overground, finding it liable for claims of negligence, false imprisonment, and malicious prosecution. Jefferson entered the case and prosecuted an appeal on behalf of Overground under a bilateral reservation of rights. The Court of Appeals affirmed the judgment, finding Overground liable "on a theory of direct liability." *Overground Atlanta v. Dunn*, 191 Ga. App. 188, 191 (2) (381 SE2d 137) (1989).

Following the appeal, Overground and Jefferson entered into a release and settlement agreement. Pursuant to that agreement, Jefferson paid Overground $5,500, and Overground released any claims it might have against Jefferson.[2] At this time, Overground was an insolvent corporation with no assets.

Dunn then filed the present action against Jefferson, Overground, and Overground's counsel, seeking damages on the basis that the release and settlement agreement amounted to a fraudulent conveyance of Overground's only asset and only means to satisfy the $1 million judgment — the policy limits and its potential claim against Jefferson for bad faith refusal to defend or settle Dunn's lawsuit. Judgment was entered on a jury verdict in favor of Dunn totaling $4.5 million ($1.5 million in compensatory damages and $3 million in punitive damages).

The Court of Appeals affirmed, ruling in pertinent part that the trial court correctly granted a motion in limine precluding Jefferson from arguing that its policy excluded Dunn's personal injury claim. *Jefferson Ins. Co. v. Dunn*, supra at (2). In so doing, the Court of Appeals distinguished *Continental Cas. Co.*, supra, which held that a similar policy exclusion barred a claim for negligent supervision where plaintiff's claims arose out of an employee's conduct which was excluded under the policy. Id. at 262.

Dunn's claim in the present litigation is grounded on OCGA § 18-2-22, which provides in pertinent part:

---

have been caused by ASSAULT AND/OR BATTERY shall not be deemed an accident or occurrence under this policy and no coverage shall apply hereunder.

[2] Jefferson asserts in the pretrial order that it paid the $5,500 to compensate Overground for legal fees it had incurred to defend the first lawsuit.

The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:

(1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him.

Before a conveyance by an insolvent debtor can be attacked by his creditor under the foregoing Code section, "it must be made to appear that the insolvent debtor actually parted with some valuable asset which belonged to him, and which, if title had been retained, might have been subjected to his debts." *S. T. & W. A. Dewees Co. v. Paul B. Carter & Co.*, 190 Ga. 68, 73 (1) (8 SE2d 376) (1940). Thus, in order to prevail, Dunn must establish that by means of the release and settlement agreement, Overground purported to transfer a valuable asset to Jefferson. If Dunn's claim was not barred by the assault and battery exclusion, and if Jefferson acted in bad faith in refusing to defend Dunn's first lawsuit, it could be shown that Overground knowingly parted with a valuable asset "for the purpose of hindering or delaying creditors." Id. at 72. It follows that resolution of Dunn's claim turns on whether there was coverage under the Jefferson policy.

*Continental Cas. Co.*, supra, involved the interpretation of an exclusionary clause in a professional liability insurance policy which barred coverage for any claim "arising out of any dishonest, fraudulent, criminal, or malicious act" committed by the partners of a law firm. Id. at 262. As in the present case, the complaint originally alleged conduct which was clearly excluded under the policy; but, by amendment, plaintiff included a claim for negligent supervision. We determined that, "by its express terms, the exclusionary clause is focused solely upon the genesis of [plaintiff's] claims — if those claims *arose out of* [the employee's] culpable conduct, as they did, then coverage need not be provided." Id. at 262. We further reasoned:

were we to adopt [plaintiff's] argument, the insureds, merely by amending their complaint to assert that the partners were negligent in failing to supervise, could conceivably bring every loss within coverage, regardless of whether it arose from criminal conduct. Such a result would impermissibly alter the plain meaning of the exclusionary clause.

Id. at 262, n. 4. Thus, we held that coverage need not be provided for a claim for negligent supervision, which arose out of conduct that

came within the scope of the exclusionary clause.

The Court of Appeals in the present case distinguished *Continental Cas. Co.*, based on the "arose out of" language of the exclusionary clause, which it interpreted to provide a broader exclusion than the "caused by" language in the Jefferson policy. While the phrases differ, we find no *material* distinction in the duties and obligations imposed by the two policies. The claim in *Continental Cas. Co.* "arose out of" the exclusion, if "but for [the culpable conduct] there could be no claim [for negligent supervision]." Id. at 262. Likewise, "but for" an assault and battery *caused by* the employee, there could be no claim against Overground.

The policy exclusion is unambiguous and must be given effect, even if "beneficial to the insurer and detrimental to the insured." *Woodmen of the World Life Ins. Society v. Etheridge*, 223 Ga. 231, 235 (154 SE2d 369) (1967). We will not strain to extend coverage where none was contracted or intended. *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343 (401 SE2d 555) (1991). Accordingly, coverage is excluded under the Jefferson policy for Dunn's claims. Accord *Continental Cas. Co.*, supra; *Dynamic Cleaning Svc.*, supra (where negligence is asserted as a concurrent cause of the injury, coverage need not be provided where the harm clearly arose out of conduct that came within the scope of the exclusionary clause).

*Judgment reversed. All the Justices concur, except Sears and Carley, JJ., who dissent.*

SEARS, Justice, dissenting.

For all of the reasons thoroughly explained in the opinion of the Court of Appeals, I respectfully dissent. I am authorized to state that Justice Carley joins in this dissent.

DECIDED MARCH 2, 1998 —
RECONSIDERATION DENIED APRIL 1, 1998.

*Hawkins & Parnell, H. Lane Young II, Edward C. Henderson, Jr., Thomas G. Tidwell,* for appellant.

*Nickerson & Tuszynski, Thomas H. Nickerson, David E. Tuszynski, Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, David D. Cookson, William Q. Bird,* for appellee.