## A93A1753. SUN INSURANCE OFFICE, LTD. v. THIBADEAU.
(436 SE2d 515)

BLACKBURN, Judge.

On March 22, 1989, the appellee, Jeanne Thibadeau, was injured in a motor vehicle collision while she was a passenger in an automobile owned by Larry Neal and driven by Catherine Bunger. Subsequently, she commenced this action against Neal and Bunger, and also served a copy of the summons and complaint on Federal Insurance Company (Federal) and the appellant, Sun Insurance Office, Ltd. (Sun), as underinsured motorist carriers.

At the time of the collision, Thibadeau's father was the named insured under an automobile insurance policy issued by Federal which afforded liability coverage with a $300,000 limit and uninsured motorist coverage with a $50,000 limit. He also was the named insured under a homeowners and personal excess liability insurance policy issued by Sun, which provided up to $1,000,000 in personal excess liability coverage per accident. Thibadeau was an additional insured under both policies.

Because Neal and Bunger had liability insurance coverage equal to or exceeding the limits of the uninsured motorist coverage under the Federal policy, and thus were not underinsured with respect to that policy, Federal was dismissed from the action without prejudice. With regard to the Sun policy, Thibadeau sought underinsured coverage up to the $1,000,000 policy limit, but Sun denied any uninsured/underinsured coverage whatsoever under the policy. Both parties moved for summary judgment on this issue, and this appeal follows the trial court's grant of summary judgment for Thibadeau and denial of summary judgment for Sun.

The pertinent provision under the Sun umbrella policy stated, with regard to uninsured/underinsured motorist coverage, that "[t]his coverage is only in effect if your primary Uninsured and Underinsured Motorists limits are shown in the Section III Schedule." It is undisputed that Thibadeau had $50,000 primary uninsured motorist coverage under the Federal policy, but that this primary coverage was not shown in the Schedule. The Schedule indicated $300,000 primary liability coverage limits for the named insured's two automobiles, but "No Coverage" with regard to motorcycles or mopeds, antiques, recreational vehicles, boats, and uninsured/underinsured motorist coverage.

"In construing an insurance contract the test is not what the in-

surer intended its words to mean, but rather what a reasonable person in the insured's position would understand them to mean. Where such a provision is susceptible of two or more interpretations, the courts will construe it most favorable to the insured. [Cit.]" *Gulf Ins. Co. v. Mathis*, 183 Ga. App. 323, 324-325 (358 SE2d 850) (1987). Also in construing an insurance contract, words in an insurance policy must be given their usual and ordinary meaning. *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35 (416 SE2d 105) (1992).

In moving for summary judgment, Thibadeau contended that the indication of "No Coverage" in the Schedule was tantamount to a specification of a coverage limit of $0, thereby giving rise to underinsured coverage of $1,000,000. However, we agree with Sun that the policy clearly provided uninsured/underinsured motorist coverage only if the limits of the insured's primary coverage were shown in the Section III Schedule, and that the indication of "No Coverage" did not satisfy that requirement. The only reasonable construction of the policy provision and the Section III Schedule is that the indication of "No Coverage" meant precisely that.

"The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover. [Cit.]" *Lester v. Great Central Ins. Co.*, 138 Ga. App. 353, 355 (226 SE2d 149) (1976). The natural, obvious meaning of the policy provision and Schedule in question is that the Sun umbrella policy provided no uninsured/underinsured motorist coverage, and the trial court thus erred in granting summary judgment for Thibadeau and denying Sun's motion for such.

As an alternative basis for claiming excess underinsured motorist coverage under the Sun policy, Thibadeau relies upon another policy provision that stated: "In addition to our limit of liability for Personal Excess Liability Coverage, we shall provide the Additional Coverages shown below for an occurrence which is covered by Personal Excess Liability Coverage and is either: 1. not covered by any primary insurance shown in the Section III Schedule or any other insurance which applies; or 2. covered by a primary policy under which one of these Additional coverages has been exhausted." The specified additional coverages included items such as defense of a lawsuit against the insured, payment of bonds, and expenses incurred by the insured at the insurer's request; uninsured/underinsured motorist claims were not among the listed items. This section merely indicated coverage for the additional items listed, and, contrary to Thibadeau's assertion, provided no reasonable basis for finding that the Sun umbrella policy afforded coverage for uninsured/underinsured motorist claims not covered by primary insurance shown in the Section III Schedule.

Similarly, Thibadeau misplaces her reliance upon the "Other In-

surance" clause of the Sun policy which stated that "Our coverage is excess over any other insurance. This means all insurance which covers you or any insured, whether it is shown in the Section III Schedule or not." This provision merely emphasized that any coverage under the policy is not primary, and would be available only upon the exhaustion of any other insurance. The term "our coverage" created no independent right to insurance. Further, the policy specifically provided for no coverage of uninsured/underinsured motorist claims, and that specific contract provision must prevail over a more broadly inclusive one. *Holtzclaw v. City of Dalton*, 189 Ga. App. 650, 652 (377 SE2d 196) (1988).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993 

*Chambers, Mabry, McClelland & Brooks, E. Speer Mabry III, Edwin L. Hamilton, Rex D. Smith, S. Deeann Boatright*, for appellant.

*Bentley, Karesh & Seacrest, Karsten Bicknese, Richard B. Crohan, Roberts & Isaf, Lawrence E. Newlin, Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Jeffrey E. Tompkins*, for appellee.