**Frederick Crocker BREESE
and Beth Jones Breese**

v.

**HADSON PETROLEUM (USA), INC.;
Fortenberry Drilling Co., Inc.;
and Apache Oil Co., Inc.**

Civil Action No. 95–365–B.

United States District Court,
M.D. Louisiana.

July 30, 1996.

See also, 947 F.Supp. 242.

Michael Lea Hyman, Bell, Faller & Cooper, Baton Rouge, LA, for Frederick Crocker Breese, Beth Jones Breese.

Terry T. Dunlevy, Roedel, Parsons, Forrester, Hill & Koch, Baton Rouge, LA, Jon Kenton Parsons, Brent J. Bourgeois, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for Fortenberry Drilling Company.

Bibbie Joseph Duplantis, Denis C. Swords, Samuel E. Masur, Gordon, Arata, McCollam & Duplantis, Lafayette, LA, for Apache Oil Co., Inc.

David Cothren, Natchez, MS, Pro se.

Wood Brown, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, David Anderson, Walter J. Andrews, Terri A. Ecklebarger, Frank Winston, Jr., Wiley, Rein & Fielding, Washington, DC, for United States Fidelity and Guaranty Co.

### RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on cross-motions for summary judgment filed by third-party plaintiff Fortenberry Drilling Company ("Fortenberry") and third-party defendant United States Fidelity and Guaranty Company ("USF & G"). The issue before the Court on these motions is whether the pollution exclusion clause in the USF &

G policy is valid and applicable under the facts of this case. For the reasons stated herein, Fortenberry's motion is denied and USF & G's motion is granted.

## FACTS AND PROCEDURAL HISTORY

In August, 1992, the plaintiff/property owners executed an oil and gas lease with Hadson Petroleum (USA), Inc. ("Hadson"). The lease granted Hadson the right to conduct drilling operations on the leased premises. Hadson in turn arranged for Fortenberry to conduct drilling operations on the property.[1] The plaintiffs allege that while conducting drilling operations, the defendants "wantingly [sic] and recklessly allowed certain toxic and hazardous substances to leak onto the Breese property."[2] The substance allegedly leaked onto the property was diesel fuel.

The plaintiffs sued Hadson, Fortenberry, and Apache Oil Company in the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana. Alleging subject matter jurisdiction under 28 U.S.C. § 1332, the defendants timely removed the case to this Court. Fortenberry then filed a third-party complaint against its commercial general liability insurer, USF & G. The matter is now before the Court on cross-motions for summary judgment filed by Fortenberry and USF & G. USF & G contends its policy does not provide coverage for the claims asserted against it because of the pollution exclusion and care, custody, and control exclusion clauses.

## ANALYSIS

### A. Choice of Law

■ The Court finds that under the facts of this case, it must apply Mississippi law in

1. The relationship between Hadson and Fortenberry is not clear from the record.

2. Pls.' Pet. for Damages at *2.

3. La.Civ.Code arts. 3542–3548.

4. La.Civ.Code arts. 3537–3541.

5. Louisiana courts tend to apply the law of the forum in which the insurance policy was executed. See Resure, Inc. v. Chemical Distribs., Inc., 927 F.Supp. 190, 192 (M.D.La.1996); Partin v. Dolby, 652 So.2d 670, 674 (La.App. 1st Cir.

order to interpret the meaning of the insurance policy at issue in this case. Fortenberry is a Mississippi corporation, and USF & G is a Maryland corporation. The policy was negotiated and executed in Mississippi, and USF & G handled the negotiations through its Mississippi office. Mississippi has a significant policy interest in regulating its insurance industry.

■ Fortenberry strenuously argues for the application of Louisiana law. In support of its argument, Fortenberry relies on the Louisiana Civil Code conflict-of-laws articles dealing with delictual and quasi-delictual obligations.[3] While those articles might govern any conflict-of-laws dispute between the original plaintiffs and defendants, they do not apply to Fortenberry's third-party claim against USF & G. The Court finds that the Louisiana Civil Code conflict-of-laws articles pertaining to conventional obligations apply to the present dispute.[4] Applying Article 3537, the Court finds that the public policies of Mississippi, rather than those of Louisiana, would be most seriously impaired if its law were not applied to Fortenberry's third-party claim. Therefore, Mississippi law will govern the resolution of the present motion.[5]

### B. The Pollution Exclusion Clause

USF & G argues that the Breese's claims against Fortenberry come within the insurance policy's pollution exclusion clause. That clause states:

This insurance does not apply to ... "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants: (a) At or from any premises, site or location which is

1995); Holcomb v. Universal Ins. Co., 640 So.2d 718, 722 (La.App. 3d Cir.), writ denied, 644 So.2d 643 (1994); Levy v. Jackson, 612 So.2d 894, 897 (La.App. 4th Cir.1993).

Fortenberry concedes the policy was negotiated and executed in Mississippi, but argues the policy was written in conformity with Louisiana law. In support of its argument, Fortenberry points to an endorsement that modifies the policy terms for the express purpose of incorporating Louisiana law regarding cancellation and renewal. However, the policy also includes endorsements that incorporate Mississippi and Alabama law.

or was at any time owned or occupied by, or rented or loaned to, any insured; (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations: (I) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

"Property damage" is defined as "physical injury to tangible property," and as "loss of use of tangible property that is not physically injured." "Pollutants" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

In *American States Insurance Co. v. Nethery,* the Fifth Circuit Court of Appeals recently held that this particular pollution exclusion clause is unambiguous under Mississippi law.[6] Furthermore, the Court finds that diesel fuel is a liquid contaminant within the meaning of the policy.[7] Fortenberry does not dispute that it was conducting operations within the meaning of the policy, nor does Fortenberry dispute that it brought the diesel fuel onto the property. According-

ly, the Court finds USF & G owes no coverage under subsection (d) of the policy's pollution exclusion clause for the claims asserted against in this case. Therefore, USF & G's motion for summary judgment must be granted.[8]

Therefore:

**IT IS ORDERED** that the Motion For Partial Summary Judgment filed by Fortenberry Drilling Company be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion For Summary Judgment filed by United States Fidelity and Guaranty Company be and it is hereby **GRANTED.**

---

**6.** 79 F.3d 473, 476 (5th Cir.1996). Prior to the Fifth Circuit decision in *Nethery,* Federal district courts in Mississippi had also held this type of pollution exclusion clause to be unambiguous. *See United States Fidelity & Guar. Co. v. B & B Oil Well Serv., Inc.,* 910 F.Supp. 1172, 1181 (S.D.Miss.1995); *American States Ins. Co. v. F.H.S., Inc.,* 843 F.Supp. 187, 189–90 (S.D.Miss.1994).

**7.** "Contaminant" is defined as "something that contaminates." "Contaminate" is defined as "to soil, stain, corrupt, or infect by contact or association; to render unfit for use by the introduction

of unwholesome or undesirable elements." Webster's Third. International Dictionary 491 (1993).

**8.** Fortenberry argues that resolution of the coverage issue requires a fact sensitive inquiry that makes the determination inappropriate for summary judgment. That argument is incorrect. *See Nethery,* 79 F.3d at 474 (granting summary judgment on the issue of the applicability of a pollution exclusion clause); *B & B Oil Well Serv.,* 910 F.Supp. at 1187 (same); *F.H.S., Inc.,* 843 F.Supp. at 190 (same).