A97A2134. TRUITT OIL & GAS COMPANY, INC. v. RANGER INSURANCE COMPANY.
(498 SE2d 572)

JOHNSON, Judge.

Truitt Oil & Gas Company, Inc. sells petroleum products. When Truitt Oil's underground storage tanks leaked gasoline into the ground and sewer system, the road on which the business was located had to be closed for several weeks while clean-up operations were undertaken.

Shortly thereafter, Sun N' Shade, Inc., a neighboring garden center, sued Truitt Oil for damages it incurred as a result of the road being closed. The complaint alleged Truitt Oil negligently allowed gasoline to escape from its tanks and failed to timely correct the problem, resulting in lost profits for Sun N' Shade. Sun N' Shade and Truitt Oil eventually entered into a settlement agreement in the case.

Truitt Oil had demanded that its liability insurer, Ranger Insurance Company, defend it in the action. Ranger Insurance refused, arguing that the claim fell within the policy's "pollution exclusion," which specifically excludes coverage for bodily injury or property damage occurring due to the discharge or escape of pollutants.

Truitt Oil sued Ranger Insurance for breaching its agreement to defend or indemnify Truitt Oil. Ranger Insurance moved for summary judgment based on the pollution exclusion. Truitt Oil opposed the motion and filed a cross-motion for summary judgment, arguing that the pollution exclusion does not apply because gasoline is not a pollutant and the injury alleged was neither bodily injury nor property damage. The trial court granted Ranger Insurance's motion for summary judgment and denied Truitt Oil's motion. Truitt Oil appeals.

1. In several enumerations, Truitt Oil contends that the trial court erred in granting summary judgment to Ranger Insurance because (a) the damages claimed by Sun N' Shade were not excluded by the pollution exclusion, and (b) gasoline does not constitute a pollutant. We disagree with both contentions.

The liability insurance policy provides: "This insurance does not apply to: f. (1) 'Bodily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time. [Nor does it apply to] (2) Any loss, cost or expense arising out of any: (a) Request, demand or order [to] . . . clean up . . . the effects of pollutants."

The policy endorsement defines "pollutants" as "any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste."

"Property damage" is defined in the policy as "a. [p]hysical injury to tangible property, including all resulting loss of use of that property . . . ; *or* b. [l]oss of use of tangible property that is not physically injured." (Emphasis supplied.)

"Personal injury," for which coverage is not excluded by the pollution exclusion, includes false arrest, detention or imprisonment; malicious prosecution; wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises; defamation; and invasion of right to privacy by publication.

We hold that Sun N' Shade's claim for lost profits resulting from the gasoline leak and clean-up comes within the pollution exclusion.

"The words used in policies of insurance, as in all other contracts, bear their usual and common significance, and policies of insurance are, as in all other contracts, to be construed in their ordinary meaning." (Citations and punctuation omitted.) *Nalley v. Nationwide Mut. Fire Ins. Co.*, 221 Ga. App. 537, 538 (2) (472 SE2d 82) (1996). "An unambiguous policy, as here, requires no construction, and its plain terms must be given full effect even though they are beneficial to an insurer and detrimental to the insured. [Cit.]" *Littrell v. Colony Ins. Co.*, 228 Ga. App. 552, 553 (492 SE2d 299) (1997). "The natural, obvious meaning [of a policy provision] is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover." (Citations and punctuation omitted.) *Sun Ins. Office, Ltd. v. Thibadeau*, 210 Ga. App. 479, 480 (436 SE2d 515) (1993).

(a) Under the policy, property damage includes "[l]oss of use of tangible property that is not physically injured." Under the express terms of the policy, Sun N' Shade's damages resulting from its loss of use of the real property fall within the definition of "property damage." Contrary to Truitt Oil's argument, the policy does not require

that there be *physical* injury to the property.

Truitt Oil's contention that the damages alleged fall within the policy definition of "personal injury," which claims are not excluded by the pollution provision, is without merit. Truitt Oil argues that two types of actions included in the policy's definition of "personal injury," namely wrongful entry and invasion of the right of private occupancy, apply in this case. However, neither is alleged by Sun N' Shade in its complaint. Rather, the complaint allegations fall squarely within the "loss of use of property" section of the property damage definition.

(b) Truitt Oil also claims that gasoline does not come within the definition of "pollutants." Truitt Oil argues that the policy language is ambiguous, inasmuch as it refers to "gasoline" in several different ways in the policy (e.g., "your product," "liquid products," "gas").

The policy is not ambiguous. That "gasoline" is referred to by terms other than "gasoline" does not make the term "pollutants" ambiguous. "Pollutants" is clearly defined in the policy as including any liquid or gaseous contaminant. Gasoline is defined as a volatile flammable liquid hydrocarbon mixture blended from natural gas and petroleum. Webster's Ninth New Collegiate Dictionary, 1991. Gasoline which has leaked from its storage container and has contaminated the surrounding environment constitutes a pollutant within the meaning of the policy. In light of the policy language and the usual significance of the words used in the policy, it was unnecessary for the policy to specifically list gasoline as a pollutant.

2. Although Truitt Oil has listed four separate enumerations of error, all of the enumerations raise matters discussed in Division 1 and are likewise without merit. Based on the plain and unambiguous terms of the insurance contract, the trial court did not err in granting summary judgment to Ranger Insurance. See generally *Arkin v. Fireman's Fund Ins. Co.*, 228 Ga. App. 564, 567 (492 SE2d 314) (1997).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 11, 1998.

*Steven M. Mills*, for appellant.
*Lane, O'Brien & Caswell, Stephen J. Caswell, Michael A. Penn*, for appellee.