**OWNERS INSURANCE COMPANY,**
Plaintiff,

v.

**Angel FARMER, and Harold L. Andrews and William T. Andrews, individually and d/b/a Countryside Apartments, Defendants.**

**No. CIV. 2:00–CV–189–WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 24, 2001.

Michael C. Kendall, Conoscienti Storm & Kendall, Decatur, GA, for Owners Insurance Company, plaintiff.

T. Jefferson Moore, Jr., Alan Beven Fecteau, Office of T. Jeff Moore, Clarkesville, GA, for Angel Farmer, defendant.

John A. Dickerson, McClure Ramsay Dickerson & Escoe, Toccoa, GA, for Harold L. Andrews, William T. Andrews, defendants.

## ORDER

O'KELLEY, Senior District Judge.

This case is presently before the court for consideration of plaintiff Owners Insurance Company's ("Owners") motion for summary judgment [12–1]. Defendants Harold L. Andrews and William T. Andrews, individually and d/b/a Countryside Apartments ("Countryside") filed a response on June 4, 2001.

### I. *Factual Background*

In June of 1998, defendant William T. Andrews purchased diesel fuel and a pump sprayer, mixed the fuel with water, and instructed an employee of defendant Countryside to spray the diesel fuel mixture along the inside of the foundation of each of twenty-seven apartment buildings in an attempt to exterminate termites. A tenant of one of the apartments, defendant Angel Farmer, filed a lawsuit against Harold Andrews, seeking relief for bodily injury and property damage allegedly arising from the release of diesel fuel. Defendants Harold L. Andrews and William T. Andrews, d/b/a/ Countryside Apartments, own a business owners insurance policy issued to them by plaintiff. Plaintiff seeks a declaration from this court that it has no duty to defend defendant Harold Andrews d/b/a Countryside Apartments in the underlying lawsuit filed by Angel Farmer.

### II. *Summary Judgment Standard*

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Only those claims for which there is no need for a factual determination and for which there is a clear legal basis are properly disposed of through summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To succeed on a motion for summary judgment, the movant must initially inform the court of the basis for its motion and identify the portions of pleadings, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The nature of this responsibility varies depending on whether the issues in the case are ones on which the movant or the non-movant bear the burden of proof at trial. *See Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th

Cir.1993). Where, as here, the issue is one on which the movant bears the burden of proof at trial, the moving party "must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Id.* at 1115 (citing *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991)); *see also Loftin v. United States Fire Ins. Co.,* 106 Ga.App. 287, 127 S.E.2d 53, 58 (1962)("The burden is on the insurer to show that a loss or claim comes within an exception to coverage.")

Consideration of a summary judgment motion, however, does not lessen the burden on the non-moving party; if the movant carries the initial burden, the non-movant then must show the existence of a genuine issue of material fact. *Id.* at 1116. Where, as here, the movant bears the burden of proof at trial, the non-movant must present evidence sufficient to "call into question the inference created by the movant's evidence on the particular material fact" in order to avoid summary judgment. *Id.*

### III. *Plaintiff's Motion for Summary Judgment*

Plaintiff moves for summary judgment seeking a declaration that it has no duty to defend defendant Harold Andrews d/b/a Countryside against a claim asserted by Angel Farmer in the underlying lawsuit *Angel Farmer v. Harold Andrews* in the Superior Court of Stephens County. Plaintiff claims it has no duty to defend because, as a matter of law, the insurance policy issued to Countryside affords no coverage for the incidents that gave rise to the underlying lawsuit. Plaintiff alleges two reasons why its policy does not cover the incident. First, the policy affords no coverage for intentional acts. Second, the policy expressly excludes bodily injuries and property damage arising out of the dispersal of pollutants. Because this court

is satisfied that the instant case can be disposed of on the basis of the policy's exclusion for pollutants, the issues pertaining to intentional acts are pretermitted as moot.

### A. *Coverage for Pollutants*

■ Plaintiff argues it has no duty to defend Harold L. Andrews and William T. Andrews d/b/a Countryside in the underlying lawsuit because the insurance policy excludes coverage for bodily injury, property damage or personal injury "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants." Plaintiff asserts that diesel fuel is a defined pollutant. (Mot. for Summ. J. ¶ 18.) The insurance policy defines a pollutant as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

Defendants Harold L. Andrews and William T. Andrews dispute plaintiff's assertion and claim that the policy's

description is so overbroad that nearly any substance known to man could be included under this definition. It is impossible for the layperson to know what objects are defined as a pollutant and, therefore, the definition is ambiguous and should be interpreted in favor of the insured. The policy provision, Defendants believe, is intended to protect against outside pollution and waste cleanup, not the effects of a pest control effort.

Case law regarding this issue generally supports plaintiff's claim that diesel fuel is a "pollutant" within the terms of the insurance policy. In *Truitt Oil & Gas Company v. Ranger Insurance Company* the policy at issue in that case defined "pollutants" as "any solid, liquid, gaseous or

thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste." *Truitt Oil & Gas Co. v. Ranger Ins. Co.*, 231 Ga.App. 89, 498 S.E.2d 572, 573 (1998). This is the same definition of "pollutant" in the instant case. The issue in *Truitt Oil & Gas Co.* was whether gasoline is a pollutant. The Georgia Court of Appeals held that it is:

> The policy is not ambiguous. That 'gasoline' is referred to by terms other than 'gasoline' does not make the term 'pollutants' ambiguous. 'Pollutants' is clearly defined in the policy as including any liquid or gaseous contaminant. Gasoline is defined as a volatile flammable liquid hydrocarbon mixture blended from natural gas and petroleum. Gasoline which has leaked from its storage container and has contaminated the surrounding environment constitutes a pollutant within the meaning of the policy.

*Id.* at 574 (citing Webster's Ninth New Collegiate Dictionary, 1991, and upholding the trial court's grant of summary judgment to defendant based on the pollution exclusion); *see also North Ga. Petroleum Co. v. Federated Mutual Ins. Co.*, 68 F.Supp.2d 1321, 1326–27 (holding that a leakage of an underground petroleum tank was excluded from coverage by a similar definition of pollutants).

Cases from other jurisdictions have also held that diesel fuel is a pollutant under similar policy language. *See Aeroquip Corp. v. Aetna Cas. & Sur. Co.*, 26 F.3d 893, 894 (9th Cir.1994) (assuming without explanation that diesel fuel is a pollutant); *Breese v. Hadson Petroleum (USA), Inc.*, 955 F.Supp. 648, 651 (M.D.La.1996)(finding that diesel fuel is a "liquid contaminant" under the policy's pollution exclusion language). At least one recent case, however, reached the opposite conclusion by focusing on the kind of harm caused by the diesel fuel rather than whether diesel fuel qualifies as a pollutant under the policy.

*See Kent Farms v. Zurich Ins. Co.*, 140 Wash.2d 396, 998 P.2d 292, 294 (2000). The issue in *Kent Farms v. Zurich Ins. Co.* was "whether the pollution exclusion clause applies to a claim not based on environmental damage but on personal injury arising from alleged negligence on the part of the insured." *Id.* The court in *Kent* reached its conclusion by noting that "absolute exclusion clauses" are "clearly intended to exculpate insurance companies from liability for massive environmental cleanups required by CERCLA and similar legislation." *Id.* at 296 (citing Jeffrey W. Stempel, *Reason and Pollution: Correctly Construing the "Absolute" Exclusion in Context and in Accord with its Purpose and Party Expectations*, 34 Tort & Ins. L.J. 1, 5 (1998)). Absolute pollution exclusions are not intended, the court noted, to exclude the discharge of substances that technically may be defined as pollutants when those substances cause injury other than environmental damage. *See id.* Based on this reasoning, the court concluded that the absolute pollution exclusion did not apply to facts where the plaintiff was injured after diesel fuel spilled out of a faulty intake valve and entered his eyes, lungs, and stomach. *See id.* at 296.

In the insurance policy at issue, there is no indication of the insurer's intent or purpose behind the pollution exclusion. Absent such an indication, this court will not intervene to rewrite the contract. Despite the opinion of the Washington Supreme Court in *Kent,* this court is satisfied that diesel fuel, regardless of the way it is "discharged," "dispersed," or "released," is within the definition of pollutants in the insurance policy at issue. As to defendants' argument that the policy provision "is intended to protect against outside pollutants and waste cleanup, not the effects of a pest control cleanup," this court is satisfied that the unambiguous language of the

policy excludes *all* pollutants and does not exclude pollutants based on their source or location. *See Damar Inc. v. United States Fire Insurance Co.,* 856 F.Supp. 679, 682–83 (N.D.Ga.1993), *aff'd,* 21 F.3d 1126 (11th Cir.1994), (holding that, under Georgia law, similar language was virtually absolute, and noting that "[i]t intended to exclude liability coverage for all liabilities arising out of pollution.") Even though the court is disturbed by the result that such an interpretation dictates, the court finds that the language of the insurance policy, broad though it may be, is unambiguous. This court is satisfied that diesel fuel is clearly within the language of the pollution exclusion, and, as such, plaintiff in this case has no duty to defend defendants. Accordingly, plaintiff's motion for summary judgment [12–1] is hereby GRANTED. The clerk is directed to enter judgment for the plaintiff.