A91A0178. BATSON-COOK COMPANY v. AETNA INSURANCE COMPANY et al.
(409 SE2d 41)

COOPER, Judge.

In 1980, appellant, Batson-Cook Company, was chosen by a Florida developer to provide construction management services on a project in Florida. The developer procured a comprehensive general liability insurance policy from Aetna Insurance Company ("Aetna"), which listed appellant as an additional insured. Appellant was also the named insured under a comprehensive general liability policy of insurance issued by Fireman's Fund Insurance Company ("Fireman's Fund"). In 1983, appellant was sued in a federal district court in Florida by one of the contractors on the project (the "federal action"). Appellant forwarded the complaint to Fireman's Fund and was subsequently informed by a Fireman's Fund claim supervisor that the complaint did not allege any matters for which coverage would be provided under the policy; therefore, Fireman's Fund would not defend the action on behalf of appellant. In 1984, an action was brought by another contractor against appellant and several other defendants in a Florida state court. Two of the defendants subsequently filed cross-claims against appellant. When several more civil actions were filed in Florida state courts involving claims arising out of construction management services rendered by appellant at the same project, all of the state court cases were consolidated into one action (hereinafter referred to as "the state action"). In December 1984, an attorney for appellant sent a letter to Fireman's Fund enclosing "copies of the various complaints pertaining to the litigation" and informing Fireman's Fund that "one or more of the allegations [in the complaints] was covered under [appellant's] insurance." In response, a Fireman's Fund agent informed appellant's attorney by letter that the allegations in the various complaints did not come within the scope of the

policy's coverage. In early 1985, appellant wrote to an agent for Aetna and requested copies of any policies which listed appellant as an insured for the purpose of making "an independent determination as to whether or not there is any available coverage." The agent's response was to inform appellant's attorney that appellant had already received copies of the Aetna policies. In March 1988, appellant filed an action against Aetna and Fireman's Fund, appellees herein, seeking damages for breach of contract resulting from the refusal of appellees to defend the above-mentioned lawsuits against appellant. Appellees answered the complaint, contending that appellant did not give timely notice of the claims against appellant and that none of the claims in the various complaints was covered by the insurance policies. After completing discovery, appellant filed a motion for partial summary judgment, and appellees filed cross-motions for summary judgment. The trial court denied appellant's motion and granted appellees' motions, finding as a matter of law that appellees had no duty to defend appellant under the policies of insurance. This appeal followed.

This case first presents a choice of law question. The Aetna insurance policy was issued in Florida and contemplated coverage of appellant's activities in Florida. However, the Fireman's Fund policy was a general liability policy issued through its Atlanta agent and provided coverage for appellant's activities in a number of states in which appellant conducted business. This court has recognized that since insurance contracts often have no particular place where performance is contemplated, it is reasonable to apply the law of the place where the contract was made. *General Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344 (2) (309 SE2d 152) (1983); see also *Brown v. Inter-Ocean Ins. Co.*, 438 FSupp. 951, 953 (N.D. Ga. 1977). Therefore, the law of Florida will be used to construe the Aetna policy, and the law of Georgia will be used to construe the Fireman's Fund policy.

Next, we must determine whether either the federal action or the state action alleged any claims against appellant within the scope of coverage of the Aetna or Fireman's Fund policies. An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. See *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39) (1979); see also *Commercial Union Ins. Co. v. R. H. Barto Co.*, 440 S2d 383, 385 (1) (Fla. App. 1983). We, therefore, must look to the complaints filed in the federal action and the state action and the applicable provisions of the respective insurance policies to determine whether a defense was required by either insurance company.

The six-count federal action included three counts which alleged that appellant negligently performed its duties as supervisor of the

project, resulting in damages to the plaintiff for overhead and profit, additional costs of labor, materials and tools, additional job overhead and supervisory expenses, additional insurance expenses, loss of use of equipment, and additional costs of maintenance and repairs. Both the Aetna and Fireman's Fund policies provided coverage for "bodily injury or property damage, to which this insurance applies, caused by an occurrence. . . ." The policies also provided that the insurer had a "duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations in the suit are groundless, false or fraudulent." In each policy "property damage" was defined as: "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period," and "occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

"[T]he phrase 'property damage' in liability insurance law has been the subject of construction in a variety of cases, all of which, under definitions substantially identical to the [ones involved in this case], have emphasized the tangible and physical nature of the property and the necessity for bringing it within physical three-dimensional limits." *Southeastern Color Lithographers v. Graphic Arts Mut. Ins. Co.*, 164 Ga. App. 70, 71 (296 SE2d 378) (1982). See also *Commercial Union Ins. Co. v. R. H. Barto Co.*, supra at 387. We conclude that the federal action did not allege any occurrence of property damage as contemplated by the terms of either policy. Although the complaint alleged a loss of use of equipment, it did not allege a loss of use of equipment which resulted from a physical injury to the equipment as is required to come within the definition of "property damage" in the policies. Therefore, we conclude that appellees had no duty to defend appellant in the federal action, and the trial court properly granted summary judgment to appellees.

Upon review of the state action, we find that only paragraphs 39 and 42 of the complaint styled *Sharsand Associates, Inc. v. Kessel Construction Co., et al., Civil Action No. 84-1692 B* (hereinafter "*Sharsand* complaint"), alleged claims potentially covered by the policies. Those paragraphs allege that appellant breached its duties as construction manager by, among other enumerated items, "*directing other contractors and subcontractors to use and move the swings and other equipment and materials rented by or belonging to plaintiff*," causing plaintiff to incur expenses for rentals on idle equipment, compensation to idle laborers, additional start-up and resetting of

equipment, laborers and materials and for *"damage to swings and other equipment during periods of unauthorized use. . . ."* Even if we conclude that paragraphs 39 and 42 together are a sufficient allegation of property damage covered by the policies, the insurer's duty to defend was not triggered because the damage alleged was excluded under the terms of both policies. Both policies contained an exclusion for "liability assumed by the insured under any contract or agreement." In addition, the Fireman's Fund policy contained an exclusion which provided that "the insurance does not apply to bodily injury or property damage arising out of the rendering of or the failure to render any professional services by or for the named insured, including (1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and (2) supervisory, inspection or engineering services." The allegations contained in paragraphs 39 and 42 of the *Sharsand* complaint relate to appellant rendering or failing to render services as construction manager of the project pursuant to its agreement with the developer. Therefore, notwithstanding the issue of whether the allegations in paragraphs 39 and 42 of the *Sharsand* complaint alleged property damage which may have been included within the coverage of the policies, we find that the damages claimed in the state action fall within the exclusions contained in both insurance policies. Inasmuch as the allegations contained in the state action did not state a cause of action requiring appellees to defend appellant, summary judgment was properly granted to appellees. See *Commercial Union Ins. Co. v. R. H. Barto Co.,* supra; see also *Barge & Co. v. Employers &c. Ins. Co.,* 163 Ga. App. 573 (295 SE2d 851) (1982).

Because of our ruling that the appellees had no duty to defend under either the federal or the state action, we need not address the issue of whether appellant provided Aetna or Fireman's Fund with timely notice as required under both policies.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 28, 1991 —
RECONSIDERATION DENIED JULY 22, 1991 —

*Glover & Davis, J. Littleton Glover, Jr., R. Keith Prater,* for appellant.

*R. Patrick White, Fortson & White, Michael J. Rust, Beth H. Paradies,* for appellees.