## A99A0726. MACK v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

(517 SE2d 839)

McMURRAY, Presiding Judge.

Plaintiff Nationwide Mutual Fire Insurance Company filed this declaratory judgment action seeking a ruling that it is not obligated to provide indemnification and a defense under a business owner's policy issued to defendant Mercury Appliance & Electronics, Inc. d/b/a Dean Forrest World Appliance & Electronics (hereafter "Mercury"). Rhonda Fordham Mack filed a class action against Mercury and other corporate and individual defendants. As amended, her complaint alleges that she, and other members of the plaintiff class, had entered into retail installment contracts to finance purchases from Mercury, and that the interest charged and collected was at a rate in excess of the legal maximum in violation of the Retail Installment & Home Solicitation Act, OCGA § 10-1-1 et seq. Mack seeks to "be reimbursed for all finance charges on all financing agreements which contain excessive and illegal finance charges." Plaintiff has denied coverage for the circumstances complained of by Mack in her civil action against Mercury, but has provided Mercury with a defense subject to a reservation of rights. On behalf of herself and the plaintiff class, Mack appeals the grant of summary judgment in favor of plaintiff. *Held*:

We affirm, but our analysis varies somewhat from the superior court's analysis stated below. The insurance policy provides business liability coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies." We are concerned here only with that definition of "property damage" as "[l]oss of use of tangible property that is not physically injured."

The superior court analysis is based on a prudent and conservative assumption that the loss described in Mack's complaint may be "tangible property" under the policy. Based on this assumption, the superior court first concludes that the loss alleged by Mack is "property damage" as defined by the policy but concludes that coverage is

precluded due to the "business risk" exclusion.

In our view, it is desirable to resolve the issue as to whether Mack's claim for loss of use of money relates to "tangible property" under the policy, and we conclude that it does not. Money is one of the great inventions of civilization without which life, as we know it, could not continue. It exists, however, solely within our minds and thus cannot be touched, weighed, or seen. Therefore, it is not tangible, but is intangible. Most money exists only as a number recorded on a computer, the total of coins and notes in circulation represents but a small fraction of the money owned by governments, individuals, corporations, and others. The coins and notes which represent money are of little intrinsic value compared to the wealth they represent, yet we continue to accept them because of the confidence we repose in our government and society.

Money can be confused with tangible property only when there is a matter relating to specific coins or notes. Then we are concerned with a physical object which represents money, but the material object and cognitive concept of money may still be viewed separately. Some confusion arises, as demonstrated in *Faircloth v. A. L. Williams & Assoc.*, 206 Ga. App. 764, 766-768 (1) (426 SE2d 601), from the evolution of common law ideas in the face of modern electronic commerce. Original common law related actions for trover for conversion only to tangible things so that an action for conversion would lie only for withholding specific bills or coins and does not lie on account of a mere failure to pay money under a contract. Id. at 766-767. The *Faircloth* decision applies the long-standing common law rule, but states a suggestion that money "might" be considered to be tangible property under certain circumstances in language which is clearly dicta since it is contained in a digression with regard to a hypothetical allegation which was not actually raised in the case. In the case sub judice, the superior court cited *Faircloth* in connection with its assumption that money was tangible property, but reliance upon that case was unnecessary, not only because of the dicta, but also because of the general rule that undefined words used in an insurance policy must be given their usual, ordinary and common meaning. *Arkin v. Fireman's Fund Ins. Co.*, 228 Ga. App. 564, 566 (492 SE2d 314).

While Mack argues that there is substantial Georgia authority stating that money is tangible property, we do not agree. After closely examining the authority cited by Mack, we find nothing which may not be reconciled with our decision. At the same time, we acknowledge the absence of clear supporting authority perhaps because many controversies have been avoided by the classification of money as intangible personal property for tax purposes. See Art. VII, Sec. I, Par. III (b) (1) of the Georgia Constitution of 1983; OCGA

§ 48-1-2 (13).

Nonetheless, rather than avoiding this important issue, we apply the common meaning of the words involved to hold that money is not tangible property. The claims at issue in this case do not involve any specific coin or notes, and we do not intend that this decision affect those cases finding that specific metal or paper which represents money is tangible property. The distinction between a tangible item and monetary value is well set out in *Vaughn v. Wright*, 139 Ga. 736 (78 SE 123).

This brings us to the conclusion that Mack's claim is not for "property damage" as defined in the insurance policy. We do not consider Mack's argument with regard to the loss of use of merchandise wrongfully repossessed since it is beyond the scope of the relief sought in her amended complaint. Also, we deny Mack's request to supplement the appellate record with an amendment to her complaint in the underlying action against Mercury, filed after the ruling of the superior court being appealed and after the filing of the notice of appeal initiating this appeal. There is no alternative theory under which coverage might be afforded under the insurance policy issued by plaintiff to Mercury; therefore, the superior court correctly granted plaintiff's motion for summary judgment.

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 18, 1999.

*Middleton, Adams & Tate, Richard H. Middleton, Jr., Peter C. Adams, Mark A. Tate, Heather K. Karrh, Timothy R. Walmsley, Leslie S. Pickett*, for appellant.

*Savage, Herndon & Turner, Thomas R. Herndon, Robert S. Kraeuter*, for appellee.