A04A0192. NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY v. CITY OF ROME et al.
(601 SE2d 810)

ADAMS, Judge.

Appellant Nationwide Mutual Fire Insurance Company filed a complaint for declaratory judgment seeking a declaration of its rights and obligations under a business owner's insurance policy issued to Acc-Q-Tech Services, Inc., after it received notice that the City of Rome, the Housing Authority of the City of Rome, the Housing Authority of the City of Dublin and the Housing Authority of the City of Rockmart (collectively referred to as the "Cities") intended to file suit against Acc-Q-Tech. The Cities subsequently filed their complaint against Acc-Q-Tech and its principal Renard L. McNeil, alleging breach of private duty, negligence, breach of contract, negligent misrepresentation, common law fraud and Georgia RICO violations. According to the complaint, the Cities contracted with Acc-Q-Tech to prepare and submit applications for Housing and Urban Development (HUD) grants, but Acc-Q-Tech failed to file the applications in accordance with the parties' agreements. The Cities further contended that as the result of this failure they had not been awarded the grants, and they sought, inter alia, $586,000 in damages.

The parties filed motions and cross-motions for summary judgment on the issue of coverage in the declaratory judgment action. The trial court granted the Cities' and Acc-Q-Tech's ("appellees") motion for summary judgment and denied Nationwide's motion, finding that coverage for the claims existed under the policy. Nationwide appeals.

1. In two separate enumerations of error, Nationwide contends that the trial court erred by denying its motion for summary judgment and by granting appellees' motion. Appellees contend that these enumerations are not "specific and definite" and that, therefore, this appeal should be dismissed. We disagree, and find that the errors asserted on appeal have been clearly, definitely and specifically identified in the enumerations and brief. See OCGA §§ 5-6-30; 5-6-48 (f); *MacDonald v. MacDonald*, 156 Ga. App. 565, 568 (1) (c) (275 SE2d 142) (1980). Appellees' contention that this appeal should be dismissed is without merit.

2. Nationwide contends that the loss alleged in the underlying lawsuit is not for "property damage" as defined by the policy and thus the alleged loss is not covered under the policy. "An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy." *Batson-Cook Co. v. Aetna Ins. Co.*, 200 Ga. App. 571, 572 (409 SE2d 41) (1991). The policy defines property damage as follows:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

In their complaint, as well as their brief on appeal, the Cities allege that they "lost the use of their tangible property which memorialized information required by HUD to be timely submitted." In other words, the Cities argue that the HUD applications were specific, tangible property for which a "loss of use" was suffered. Nationwide argues that the Cities are not seeking to recover the HUD applications, but rather to recover the amount of money lost by the failure to obtain the HUD grants. Thus Nationwide argues that, since under Georgia law money is not considered tangible property, coverage would not be available under the policy for the lost grant money. *Mack v. Nationwide Mut. Fire Ins. Co.*, 238 Ga. App. 149, 150 (517 SE2d 839) (1999).

We agree. The loss suffered by the Cities was for the use of the grant monies that they may have been awarded had the applications been properly prepared and timely submitted and approved. The applications have no value in and of themselves — they are merely the mechanism used by HUD to award grant money.

Moreover, even accepting the Cities' characterization of their claim as being for the loss of use of the HUD applications instead of the grant monies, coverage for their claims would still be unavailable under the policy. The policy provides, inter alia, the following exclusion: "This insurance does not apply to: j. [P]roperty Damage . . . due to rendering or failure to render any professional service. This includes but is not limited to: (2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications." Although the Cities argue that this contention was not raised in the trial court and thus cannot be raised for the first time on appeal, our review discloses that Nationwide argued in its brief submitted with its motion for summary judgment that this exclusion provided an additional basis to deny coverage. The Cities also argue that "the only evidence of record demonstrates that Acc-Q-Tech's work did not include the provision of technical services." However, the Cities alleged in their complaint against Acc-Q-Tech that they contracted with Acc-Q-Tech to compile, prepare, and file the HUD applications, that Acc-Q-Tech had specifically made representations that it was capable of performing this service, and that

Acc-Q-Tech had represented that it had *"professional* liability insurance coverage" for these activities. And the loss of use of the HUD applications, which the Cities contend is the loss they have suffered, was clearly due to Acc-Q-Tech's failure to render this service. See *Batson-Cook v. Aetna,* 200 Ga. App. at 574. Further, although the failure to prepare and submit an "application" is not listed separately in the exclusion, the exclusion specifically provides that the list of services is not exhaustive.[1]

Based on the foregoing, the trial court's order denying Nationwide's motion for summary judgment and granting summary judgment to appellees must be reversed.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 2004.

*Temple, Strickland, Dinges & Schwartz, William A. Dinges,* for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Ivy S. Duggan,* for appellees.

[1] We would further note that the policy contains an intentional conduct exclusion, which would encompass the Cities' claims for the fraud and RICO violations.