■ ARTHUR KILL POWER, LLC, et al., Appellants-Respondents, v AMERICAN CASUALTY SAFETY INSURANCE COMPANY, Respondent-Appellant. [915 NYS2d 535]——

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 9, 2010, which, inter alia, denied that portion of plaintiffs' motion for summary judgment declaring that defendant had a duty to defend and indemnify plaintiff Arthur Kill Power, LLC (Arthur Kill) and that defendant's coverage was primary, and denied that portion of defendant's motion for summary judgment declaring that the "Employer's Liability Exclusion" in its general liability insurance policy excluded coverage to Arthur Kill, modified, on the law, to declare that the employer's liability exclusion did exclude coverage to Arthur Kill, and, as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered June 11, 2010, which, to the extent appealed from, granted plaintiffs' motion to reargue the aforesaid order, and upon reargument, adhered to its prior decision, unanimously dismissed, without costs, as academic.

Arthur Kill is an additional insured under a commercial general liability policy issued by defendant to nonparty Wing Environmental, Inc. (Wing), an asbestos abatement contractor. This is an action for a judgment declaring that defendant has a duty to provide Arthur Kill with a defense and indemnification in a personal injury action brought by Jose Barros, Wing's employee. Barros, who allegedly slipped on grease on the floor of Arthur Kill's premises, asserts in the underlying action that Ar-

thur Kill negligently maintained the premises. Defendant's policy provided that the coverage available thereunder was to have been primary with respect to additional insureds "with whom the Named Insured executes a written contract prior to the start of the project." As correctly found by the motion court, Arthur Kill's coverage under defendant's policy would not have been primary because the purported written contract between Arthur Kill and Wing was not executed until after Barros's accident.

The employer's liability exclusion of defendant's policy excludes coverage for bodily injury to any employee of any insured arising from and in the course of employment by any insured. The exclusion, however, does not apply to liability assumed by an insured under an "insured contract." The policy defines an insured contract as a written contract by which an insured assumes the tort liability of another because of bodily injury or property damage to a third person *caused by the insured's negligence*.

Under applicable Georgia law, "[a]n insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy" (*Nationwide Mut. Fire Ins. Co. v City of Rome*, 268 Ga App 320, 320, 601 SE2d 810, 812 [2004]).* Here, the motion court concluded that the employer's liability exclusion did not apply to Arthur Kill's liability to Barros because such liability was assumed by Wing under an insured contract. This was error. The Barros complaint provides no basis for an inference that the presence of grease on Arthur Kill's floor would have been the result of negligence on Wing's part. Therefore, Barros's claim does not involve tort liability assumed by Wing because of injury caused by its own negligence. The dissent misplaces reliance on the fact that Barros was on Arthur Kill's premises "in furtherance of the work described by the parties' agreement." Absent an inference of negligence on Wing's part, the purpose of Barros's presence on the premises would be irrelevant. On the other hand, although Arthur Kill is an insured and was allegedly negligent, its liability to Barros, if any, would not have stemmed from any contract by which it assumed the tort liability of another. As such, the employer's liability exclusion applies because Arthur Kill's liability to Barros, if any, did not arise out of an insured contract. We have considered the parties' remaining contentions and find them unavailing. Concur—Andrias, Sweeny and DeGrasse, JJ.

---

* We therefore disagree with the dissent's view that the applicability of a policy exclusion is not determined by reference to the allegations made against the insured in the underlying action.

Tom, J.P., and Román, J., dissent in part in a memorandum by Román, J., as follows: To the extent the majority concludes that plaintiff Arthur Kill Power, LLC is not entitled to coverage under defendant's insurance policy because of the "Employer's Liability Exclusion" contained within defendant's policy, I respectfully dissent.

Whether plaintiff is entitled to coverage under defendant's insurance policy, and indeed whether the abovementioned exclusion applies is, under Georgia law, "a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms" (*Blue Cross & Blue Shield of Georgia, Inc. v Shirley*, 305 Ga App 434, 437, 699 SE2d 616, 618 [2010]). Accordingly, when the policy is clear and unambiguous it must be enforced in accordance with its express terms (305 Ga App at 437, 699 SE2d at 619).

Here defendant's claim that coverage to plaintiff Arthur Kill Power, LLC is precluded by the "Employer's Liability Exclusion" contained within its policy is unavailing, since such an assertion is belied when the policy's express and clear terms are read together with the purchase order between Arthur Kill Power, LLC and Wing Environmental, Inc. While the policy excludes coverage for bodily injury claims to an employee of any insured when the same arise during the course of employment of any insured, the exception to the exclusion, which follows thereafter, clearly states that the exclusion does not apply when the insured assumes liability pursuant to an "insured contract." The policy defines an insured contract as "that part of any written contract or agreement under which you assume the tort liability of another party to pay damages not otherwise excluded under the policy because of 'bodily injury or property damage' to a third party or organization and caused by your negligence." The indemnification portion of the purchase order between Wing Environmental, Inc. and Arthur Kill Power, LLC is clearly such an insured contract insofar as it states that "[t]he Supplier [Wing Environmental Inc.] shall defend, indemnify and hold harmless buyer [Arthur Kill Power, LLC ] . . . against all claims suits or proceedings . . . arising out of or resulting from the Supplier's performance or failure to perform under this Purchase Order." Thus, the policy's exception to the exclusion applies because the defendant's named insured, Wing Environmental, Inc., assumed Arthur Kill, LLC's liability by virtue of an insured contract containing language compliant with the policy.

Plainly, the exception to the exclusion is made applicable solely by virtue of the existence of an insured contract, which

complies with the policy's definition of the same, rather than the actual allegations asserted against the insured in any subsequent action brought against it. Therefore, the allegations asserted against Arthur Kill Power, LLC in the underlying personal injury action cannot, as the majority maintains, have a bearing on the applicability of the exception. Had the parties wished to exclude coverage based on allegations in any subsequent action asserted against a party whom defendant's insured is obligated to indemnify by virtue of an insured contract, as is urged here, then the policy should have so stated. Since the policy does not preclude coverage under these circumstances, the majority essentially seeks to exclude coverage on a basis not contained in the insurance policy and thus not agreed to by the parties. The majority's other conclusion, namely that Arthur Kill Power, LLC's liability in the underlying personal injury action did not arise from the insured contract mentioned in the purchase agreement, finds little support in the record. After all, insofar as the plaintiff in the underlying personal injury claim was employed by Wing Environmental, Inc., he necessarily was at premises owned by Arthur Kill Power, LLC, solely in furtherance of the work described by the parties' agreement, the very agreement containing the insured contract.