Zurich Am. Ins. Co. v ACE Am. Ins. Co. (2020 NY Slip Op 00503)





Zurich Am. Ins. Co. v ACE Am. Ins. Co.


2020 NY Slip Op 00503


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10859 651579/16

[*1] Zurich American Insurance Company, Plaintiff-Appellant,
v
ACE American Insurance Company, et al., Defendants, Drive New Jersey Insurance Company, Defendant-Respondent.


Coughlin Duffy, LLP, New York(Gabriel E. Darwick of counsel), for appellant.
Barclay Damon LLP, New York (Laurence J. Rabinovich of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 2, 2019, which denied plaintiff's (Zurich) motion for partial summary judgment seeking a declaration that defendant Drive New Jersey Insurance Company (Drive NJ) is obligated to defend Zurich's insureds in one underlying lawsuit (the Quinn action) on a primary, non-contributory basis and to reimburse Zurich for its costs in defending its insureds in both the Quinn action and a second action (the Lobozza action), and granted Drive NJ's cross motion for summary judgment seeking a declaration that it had no duty to defend those insureds in the underlying actions or to reimburse Zurich for the defense costs, unanimously reversed, on the law, without costs, to grant Zurich's motion, deny Drive NJ's motion, and to declare that Drive NJ had a primary obligation to defend the Zurich insureds in the Quinn action and to reimburse the Zurich insureds in the Lobozza action.
Pursuant to its plain language, the "Any Auto Legal Liability" endorsement of the Drive NJ policy extended the definition of "insured auto" to include "any auto, if you are a partnership, corporation, or any other entity," which included the trailer driven by its additional insureds (see Greene v General Cas. Co. of Wisconsin, 576 NW2d 56, 60 [WI 1997]). Although liability has yet to be determined in this case, based on the allegations of the underlying complaint, which alleged injuries sustained while loading and unloading rebar cages constructed by Drive NJ's insured, the tractor-trailer owned by the Zurich insureds was covered under the Drive NJ policy, and Drive NJ's obligation to defend was triggered.
Nevertheless, the "Employer's Liability" exclusion within the NJ Drive policy, which excludes bodily injury to "[a]n employee of any insured arising out of or within the course of: (i) that employee's employment by any insured; or (ii) Performing duties related to the conduct of any insured's business," unambiguously referred to any entity insured under the policy, whether as the named insured or as an additional insured (see J.J. White, Inc. v American Safety Cas. Ins. Co., 2012 WL 2789586, *2 2012 US Dist LEXIS 94417, *6 [DNJ 2012]). Even if this language precludes coverage for lawsuits against B & R by B & R employees (the Quinn action) and lawsuits against the Zurich insureds by their employees (the Lobozza action), such language would not preclude Drive NJ's defense obligations to the Zurich insureds for vicarious liability imposed as [*2]a result of its named insured's action (see Arthur Kill Power v American Cas. Safety, 80 AD3d 502, 503 [1st Dept 2011]). Drive NJ's defense obligation to Zurich is primary (see American Nurses Assn. v Passaic Gen. Hosp., 98 NJ 83, 484 A2d 670, 673 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK