823 Second Ave., LLC v Utica First Ins. Co. (2024 NY Slip Op 01266)

823 Second Ave., LLC v Utica First Ins. Co.

2024 NY Slip Op 01266

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 652155/21 Appeal No. 1831 Case No. 2022-04965 

[*1]823 Second Avenue, LLC, Appellant,
v
Utica First Insurance Company, Respondent, P.R. Crepe Ltd., Defendant.

Melito & Adolfsen P.C., New York (Michael F. Panayotou of counsel), for appellant.
Farber Brocks & Zane, L.L.P., Garden City (Lester Chanin of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about June 16, 2022, which denied plaintiff's motion for partial summary judgment on its claim for a declaration that defendant Utica is obligated to defend it and reimburse it for defense costs incurred in an underlying action, and granted Utica's cross-motion for summary judgment on its counterclaim for a declaratory judgment and dismissing the action as against Utica, unanimously modified, on the law, solely to declare that Utica is not obligated to defend or indemnify plaintiff in the underlying action, and otherwise affirmed, without costs.
Although plaintiff qualifies as an additional insured under the policy issued by Utica to plaintiff's tenant, defendant P.R. Crepe Ltd., Utica met its burden of showing that the policy's employee exclusion applies so that coverage is not provided for the claim brought by P.R. Crepe's employee (see Sixty Sutton Corp. v Illinois Union Ins. Co., 34 AD3d 386, 388-389 [1st Dept 2006]). In opposition, plaintiff did not meet its burden of showing that the exception to the employee exclusion applies (Hritz v Saco, 18 AD3d 377, 378 [1st Dept 2005]). The exception, which states that the employee exclusion "does not apply to liability assumed by the insured under an incidental contract", is inapplicable here because plaintiff did not assume liability under an incidental contract (see Arthur Kill Power, LLC v American Cas. Safety Ins. Co., 80 AD3d 502, 503 [1st Dept 2011]).
Utica did not waive its right to rely on the employee exclusion as to plaintiff. "Insurance Law § 3420 (d) provides that in an action involving bodily injury caused by an accident occurring within New York State, an insurer must send notice of its denial of coverage 'to the insured and the injured person or any other claimant'" (Excelsior Ins. Co. v Antretter Contr. Corp., 262 AD2d 124, 125 [1st Dept 1999]). The statute is "not intended to be a technical trap that would allow interested parties to obtain more than the coverage contracted for under the policy" (id. at 127). Utica sent two different disclaimer letters to plaintiff on consecutive days. Although the second letter was also addressed to P.R. Crepe and stated it was disclaiming coverage to P.R. Crepe, plaintiff knew from the first letter that Utica was disclaiming coverage and plaintiff is not prejudiced "by a belated denial of coverage" (id.). Plaintiff received the November 12, 2020 letter raising the employee exclusion with a high degree of specificity and has failed to identify any prejudice from Utica's presentation of the two letters (see e.g. Schlott v Transcontinental Ins. Co., Inc., 41 AD3d 339, 340 [1st Dept 2007], lv denied 9 NY3d 817 [2008]).
Because plaintiff was not entitled to a defense, it is not entitled to reimbursement of defense costs.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024