## A03A1265. YORK INSURANCE COMPANY v. HOUSTON WELLNESS CENTER, INC.

### (583 SE2d 903)

BLACKBURN, Presiding Judge.

York Insurance Company ("York") appeals the trial court's denial of its motion for summary judgment, arguing that under the plain language of the policy it issued to Houston Wellness Center, Inc. ("Houston"), it had no duty to indemnify and defend Houston in a bodily injury suit filed against it. Finding that coverage was clearly and unambiguously excluded under the terms of the policy, we reverse the trial court's denial of York's motion.

> The standard of review of the trial court's denial of [York's] motion for summary judgment is a de novo review of the evidence to determine whether there is any genuine issue of material fact as to the elements required to establish the causes of action stated in the complaint. To obtain summary judgment, [York] as the moving party must demonstrate that there is no genuine issue of material fact, and that the material evidence, viewed in the light most favorable to the nonmoving party, warrants judgment as a matter of law.

(Citation omitted.) *Tucker Fed. Sav. &c. Assn. v. Balogh.*[1]

In a single enumeration of error, York contends that the trial court erred in denying its motion for summary judgment, arguing that under the unambiguous terms of the insurance policy which it issued to Houston, it was not required to defend and indemnify Houston in a bodily injury suit filed against it by Anne Vandalinda. Specifically, York argues that Vandalinda's allegations against Houston fit squarely within an exclusion in the policy.

> An insurance policy is governed by the ordinary rules of contract construction. The hallmark of contract construction is to ascertain the intention of the parties. OCGA § 3-2-3. However, when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent. Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others.

---

[1] *Tucker Fed. Sav. &c. Assn. v. Balogh*, 228 Ga. App. 482 (491 SE2d 915) (1997).

An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy.

(Citations and punctuation omitted.) *Capitol Indem. Corp. v. L. Carter Post 4472 Veterans of Foreign Wars*.[2]

Vandalinda signed up for a three-month membership with Houston, a health and fitness club, in order to get physically fit. In her complaint, Vandalinda alleged that she was given instructions by one of Houston's employees on the use of various exercise machines. At the time of her injury, Vandalinda was using an exercise machine which develops the triceps. Vandalinda tried to release the machine using her arms as she had been instructed to do by Houston's employee. However, the complaint alleges the machine improperly released from Vandalinda's control "due to improper instructions" given by the employee, and, as a result, Vandalinda experienced pain in her left arm for which surgery was later required.

York issued to Houston a commercial general liability policy which contained the following exclusion:

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any service, treatment, advice or instruction relating to physical fitness, including services or advice in connection with diet, cardio-vascular fitness, body building or physical training programs.

It is apparent from the allegations of the complaint that Vandalinda's claim against Houston falls within the policy exclusion. Her "bodily injury arose out of the . . . failure" of Houston's employee "to render . . . advice or instruction relating to physical fitness, including . . . advice in connection with . . . body building or physical training programs." Accordingly, coverage for Vandalinda's bodily injury was excluded by the unambiguous language of the policy endorsement.

Where the language of the contract fixing the extent of coverage is unambiguous, as here, and but one reasonable construction is possible, this court must enforce the contract as written. A term in an insurance policy that unambiguously and lawfully limits the insurer's liability may not be extended beyond what is fairly within its plain terms. [York]

---

[2] *Capitol Indem. Corp. v. L. Carter Post 4472 Veterans of Foreign Wars*, 225 Ga. App. 354, 355 (484 SE2d 52) (1997).

was entitled to judgment as a matter of law because coverage was excluded for this loss.

(Citation omitted.) *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*[3] *Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 20, 2003 —

*Drew, Eckl & Farnham, Hall F. McKinley III, Andrew D. Horowitz,* for appellant.
*Roy N. Cowart,* for appellee.

---

[3] *Bold Corp. v. Nat. Union Fire Ins. Co. &c.*, 216 Ga. App. 382, 384 (1) (454 SE2d 582) (1995).