## A09A0957. MELI et al. v. HICKS.
(686 SE2d 489)

BARNES, Judge.

Bobby R. Hicks was diagnosed with an epidural abscess in his lower back and underwent two surgical procedures followed by a

---

[1] *Beck v. State*, 263 Ga. App. 256, 258 (1) (b) (587 SE2d 316) (2003).

[2] Id. at 259 (1) (d).

lengthy period of rehabilitation. He sued multiple health care providers for failing to diagnose his infection earlier, including two emergency room (ER) physicians, two hospitals, and the orthopedic surgeon who had seen him the week before the infection was diagnosed. Hicks also sued Richard Meli, a radiologist who read the MRI ordered by the surgeon, and his practice, Northside Radiology Associates, P.C. (Meli). The trial court dismissed all of the defendants except Meli due to inadequacies in Hicks' expert affidavits and, following discovery, denied Meli's motion for summary judgment. This court granted Meli's application for interlocutory appeal, and because Hicks has provided no evidence that the radiologist violated the applicable standard of care, we reverse.

Hicks[1] contends Meli should have told the orthopedic surgeon who ordered the MRI that it should have been performed with contrast. He further argues that if the test had been performed with contrast, his epidural abscess would have been diagnosed a week earlier and would have been easier to treat.

Meli moved for summary judgment, arguing Hicks failed to show he breached the standard of care or that any breach caused harm. The trial court denied summary judgment to Meli, finding that a genuine issue of material fact existed as to the standard of care and whether Meli deviated from it. The court did not address Meli's causation argument.

Meli asserts that Hicks failed to produce any evidence he breached the standard of care, and failed to show that any breach caused harm. On appeal we review the trial court's denial of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *York Ins. Co. v. Houston Wellness Center*, 261 Ga. App. 854 (583 SE2d 903) (2003). To recover for medical malpractice against a physician, a plaintiff must establish the duty inherent in the doctor-patient relationship; the breach of that duty by failing to exercise the requisite degree of skill and care, and proximate cause between the failure and the injury. OCGA § 51-1-27; *Hawkins v. Greenberg*, 166 Ga. App. 574, 575 (1) (304 SE2d 922) (1983).

1. Meli contends that the evidence is undisputed that Hicks' expert witness based his conclusion that Meli breached the standard of care upon incorrect assumptions, and the expert testified that if

---

[1] Hicks died of lung cancer after he filed the complaint. His brother and executor, Jerry Hicks, was substituted as plaintiff.

his assumptions were incorrect then Meli did not breach the standard of care. In his affidavit, radiology expert Marc Liebeskind, M.D., testified that Hicks' MRI should have been ordered and performed with intravenous contrast, given the facts that Hicks went to an ER three days before the MRI, was diabetic with severe back pain whose bloodwork suggested an infection, and was discharged from the ER with pain medicine and an antibiotic. He also thought that Hicks' infection would have been diagnosed earlier with fewer complications if the test had been performed with contrast. The complications Hicks experienced resulted from the failure of the ER physicians, the orthopedic surgeon, and the radiologist "to obtain a contrast enhanced examination of the spine in this patient with infection," according to Hicks.

But Liebeskind testified in his deposition that if Meli did not know Hicks was a diabetic with indicia of infection and two recent ER visits, and only knew about Hicks' history of low back pain, then Meli did not deviate from the standard of care when he reviewed the study, which showed only disc disease. Liebeskind noted that the radiologist does not decide what kind of test is to be performed, although he can suggest further studies if he thinks they are warranted. Here, Liebeskind testified Meli did not deviate from the standard of care by not suggesting a follow-up MRI with contrast if he only knew Hicks had low back pain.

Meli testified that he was not asked to rule out an infection and had no information suggesting Hicks had an infection, which very rarely causes pain. He was not told and did not know that Hicks was diabetic, that he had been to the ER, that his bloodwork suggested an infection, or that he had been discharged with pain medication and antibiotics. The only information he had when he read the MRI study, which was performed by a technician at the orthopedic surgeon's office, came from the order faxed to him by the surgeon, which gave Hicks' clinical history as simply "low back pain." A complaint of low back pain was not an indication for an MRI with contrast, which had its own risks and was not done unless necessary.

> [I]f a defendant who moves for summary judgment can point out by reference to the affidavits, depositions, and other evidence of record that there is no evidence sufficient to create a jury issue with respect to at least one essential element of the plaintiff's case, viewing all evidence and reasonable inferences therefrom in a light most favorable to the nonmoving party, without the necessity of weighing the evidence or determining the credibility of the witnesses, such defendant is entitled to summary judgment unless the

plaintiff can come forward with specific evidence giving rise to a triable issue.

*Lowery's Tavern v. Dudukovich*, 234 Ga. App. 687, 692 (507 SE2d 851) (1998). In other words, once Meli showed that there was no evidence that he breached the standard of care, Hicks was required to come forward with contradictory evidence. He did not do so.

Hicks argues on appeal that his expert testified that the standard of care required the radiologist to review prescriptions, relevant medical records, and patient questionnaires. Meli testified that the standard of care was for the radiologist to review the information sent by the physician who ordered the test, and thus, Hicks argues, a jury must decide whether Meli breached the standard of care because he had not reviewed all of that information. Actually, Liebeskind was asked, "As a radiologist, you would not have expected Dr. Meli to have had the information from the March 15 and March 17 ER records available to him when he interpreted that film, would you?" Liebeskind responded:

> I'm not sure I would go that far. I can't say one way or another. My practice pattern, and I believe that of most people, the standard of care, if you will, is to review prescriptions, relevant medical records when they are supplied, patient questionnaires, etc. People — patients very often give us very specific clinical scenarios, hurt knee while skiing, that sort of thing, back pain since ER visit two days ago, that sort of thing.

Liebeskind did not testify that the standard of care required a radiologist to obtain all of a patient's background information before reading a film, only that a radiologist should review all of the medical records supplied by the doctor who ordered the test. Liebeskind testified that if low back pain was the only information available to Meli when he read the films, Meli did not deviate from the standard of care by not recommending that the orthopedic physician order further studies.

Hicks has failed to satisfy his burden of demonstrating a triable issue. The record includes no information suggesting that Meli ever possessed the information which formed the basis for Liebeskind's initial conclusion that Meli had breached the standard of care, and no evidence Meli breached any other standard of care. Accordingly, the trial court erred in denying summary judgment to Meli and his practice.

2. Based on the foregoing, Meli's argument that Hicks failed to establish causation is moot.

*Judgment reversed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 13, 2009

*Owen, Gleaton, Egan, Jones & Sweeney, Roger E. Harris, Gretchen H. Wagner*, for appellants.
*Daniel R. Meachum*, for appellee.